BRADLEY *v.* STATE OF INDIANA; TAYLOR *v.* STATE OF INDIANA

[No. 28,473. Filed March 18, 1949.]

132

*Frank A. Symmes, Thurl C. Rhodes,* of Indianapolis, for appellants.

*J. Emmett McManamon,* Attorney General, *Frank E. Coughlin,* Deputy Attorney General, for appellee.

GILKISON, J.—Appellants were charged by an affidavit in two counts in the trial court. By Count 1, they, with one Tommie Gardner, were charged with robbing one John McCarty of Five Thousand Dollars in currency and checks, by violence and putting him in fear on July 6, 1947. By Count 2, they, with Gardner, were charged with robbing John McCarty of five thousand dollars in currency and checks, by violence and putting him in fear, and with inflicting a wound and physical injury upon him with a club while they were engaged in the commission of the robbery.

Appellants entered pleas of not guilty and upon trial by jury they were each found guilty as charged in Count 2. A separate motion for new trial by each appellant, timely filed, was overruled. From a judgment sentencing each of them to the Indiana State Prison for life, this appeal is taken.

Appellants appear in this court by separate attorneys and file separate briefs. Appellant, Bradley, assigns as errors: 1. Overruling his motion for new trial; 2. Overruling appellant, Taylor's motion for new trial; 3. Overruling his motion for a continuance; and 4. Overruling appellant, Taylor's motion to suppress evidence.

Appellant, Taylor, assigns as errors: 1. Overruling appellant, Bradley's motion for new trial; 2. Overruling his motion for new trial; 3. Overruling appellant, Bradley's motion for continuance; and 4. Overruling his motion to suppress evidence.

Appellant, Bradley, has properly presented for review the action of the trial court in denying his verified motion for continuance.

In this motion he avers that he was returned from the Indiana Reformatory on March 19, 1948, and produced in court at 4:00 o'clock P.M. on that date. That the court, at that time, set appellant, Bradley's trial

for Monday, March 22, 1948, at 9:30 A.M. That the court had appointed attorneys, John Mattocks and Thurl C. Rhodes to represent him, and he had not had an opportunity to talk with them. That the attorneys had made no preparations for trial whatever. That it was impossible for the attorneys to properly prepare the case for trial by jury within the time allowed. That since the penalty provided could be life imprisonment, defendant desired additional time for his attorneys to make adequate preparation for his trial. That he had a good defense.

Art. 1, § 13, Constitution of Indiana provides:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; . . ."

Amendment 14, § 1, United States Constitution provides, among other things:

". . . No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; . . ."

The right of a defendant who is charged with crime to be represented by competent counsel is not open to question in this state. *Webb* v. *Baird* (1854), 6 Ind. 13, 18; *Hendryx* v. *The State* (1892), 130 Ind. 265, 269, 29 N. E. 1131; *Wilson* v. *State* (1943), 222 Ind. 63, 78, 83, 51 N. E. 2d 848; *Todd* v. *State* (1948), 226 Ind. 496, 81 N. E. 2d 784; *Hoy* v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915.

Such defendant has a right to have an attorney of his own choice if he is financially able to employ such

an attorney. If he is not financially able to employ an attorney of his own choice, it is the duty of the court to select a competent attorney for him at public expense, whether the defendant requests it or not. There can be no valid trial of a criminal case unless a defendant is adequately defended by counsel, if he desires counsel; a judgment rendered under such circumstances is void. *Knox Co. Council* v. *McCormick* (1940), 217 Ind. 493, 510, 29 N. E. 2d 405; *Wilson* v. *State, supra; Johnson* v. *Zerbst, Warden* (1937), 304 U. S. 458, 464 et seq., 82 L. Ed. 1461, 1466 et seq.; *Powell* v. *Alabama* (1932), 287 U. S. 45, 68, 77 L. ed. 158, 170, 84 A. L. R. 527, 540.

The fundamental right of a defendant in a criminal case to have competent counsel assist him in his defense carries with it as a necessary corollary, the right that such counsel shall have adequate time in which to prepare the defense. *Powell* v. *Alabama, supra*, p. 71, (head note 10) p. 171; *Hoy* v. *State, supra; Wilson* v. *State, supra*.

As conclusively shown by the motion for continuance, appellant, Bradley's attorneys had from 4:00 o'clock P.M. Friday, March 19, 1948, to 9:30 o'clock A.M., Monday, March 22, 1948, a period of 65½ hours, in which is included 3 nights and Sunday, to prepare the defense. This time was wholly insufficient for the attorneys to prepare adequately for the defense in the case and the denial of the motion amounted in substance to a denial of the right to counsel as guaranteed by Art. 1, § 13, Indiana Constitution. It also amounted to a denial of due process of law as guaranteed by Amendment 14, § 1, of the Constitution of the United States.

It has often been said by this and other courts that "the prompt disposal of criminal cases is to be com-

mended and encouraged." But under our form of
government that end can never be accomplished
by clipping, modifying or stripping fundamental
rights from a defendant. It is always a duty of the trial
court and this court to see that those fundamental
rights are not improperly denied. *Kuhn* v. *State* (1944),
222 Ind. 179, 193, 52 N. E. 2d 491; *Todd* v. *State, supra;*
*Hoy* v. *State, supra.*

Since appellants were charged in one affidavit, and
were tried together, the motion for continuance made
by Bradley, if sustained, would continue the case
as to both defendants, and appellant, Taylor, and
his attorneys would then have had sufficient time
to investigate, ascertain the names and place of resi-
dence of witnesses and to talk to and learn what the
witnesses would testify, procure compulsory process for
witnesses, study the jury, and to learn of and to do the
many things necessary to guarantee a full, thorough
and complete trial for a defendant who was to be tried
on a charge that might cost him his liberty for life.
The denial of Bradley's motion for continuance, denied
these privileges to appellant, Taylor, as well as appel-
lant, Bradley. But if no motion for continuance had
been filed and presented by either defendant, this court
would judicially know from the record that the time
allowed by the trial court for defendants to prepare for
trial was wholly inadequate. Granting adequate time
for consultation and preparation was an essential part
of the appointment of counsel. *Hoy* v. *State, supra;*
*Batchelor* v. *State* (1920), 189 Ind. 69, 77, 84, 125 N.
E. 773. By failing to grant adequate time to prepare
the defense, each defendant's fundamental rights were
curtailed and infringed. This is reversible error.

By his motion for new trial appellant, Bradley, prop-
erly questions the rulings of the court denying him the

right to prove an alibi, by witnesses, Charles Kersey, Mrs. Robert Kersey, and Uhel Crabtree.

The denial was based wholly upon the fact that the defendant had not complied with Burns' 1942 Replacement, §§ 9-1631, 9-1632, 9-1633 with respect to giving notice.

Section 9-1631, *supra,* is as follows:

"Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten [10] days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment or affidavit as the time of such offense. *The provisions of this statute shall not apply in case the court sets the trial for a date less than fourteen [14] days ahead."* (Our italics.)

The record shows that on March 19, 1948, the following further proceedings were had in the case, to-wit:

"Comes now the State of Indiana by Judson L. Stark, prosecuting attorney, and by Ray Tindall, deputy prosecuting attorney; defendant, Charles Joe Taylor, appears in person and by counsel, Edwin McClure; defendant, Hugh Bradley, appears in person and by counsel, John Mattocks, and this cause is set for trial by jury on Monday morning, March 22, 1948, at 9:30."

From the above, it will be noted that on March 19, 1948, the court set the trial for a date three days ahead. By the express terms of the statute it "shall not apply" in this situation. In other words, in this situation appellant, Bradley's right to prove alibi remained unchanged and unaffected by the statute. Denying him the right to

introduce this evidence, under the situation existing, constitutes reversible error.

Since the judgment must be reversed for the errors noted, it is not necessary to burden this opinion by considering other errors alleged.

The judgment is reversed with instructions to sustain the motion for new trial and further proceedings agreeable with this opinion.

NOTE.—Reported in 84 N. E. 2d 580.