SWEET *v*. STATE OF INDIANA.

[No. 29,007. Filed March 4, 1954.]

*James C. Cooper,* Public Defender, and *Richard N. Givan,* Deputy Public Defender, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl M. Franceschini,* Deputy Attorney General, for appellee.

GILKISON, J.—On May 2, 1933, appellant with three other persons was charged in the trial court by indictment with the crime of kidnaping one Rufus L. Dooley, under Sec. 10-2901, Burns' 1942 Repl. Appellant was arraigned on the charge March 1, 1935, and without

the assistance of an attorney entered a plea of not guilty. The record then shows: "By agreement of the parties, defendant and Prosecuting Attorney, this cause is assigned for trial Monday, April 15, 1935." On April 4, 1935, defendant requested that a pauper attorney be appointed to defend him and the court took the request under advisement until April 11, 1935, when it appointed "J. M. Johns an attorney of this bar" to defend. On April 15, 1935, appellant and his pauper attorney, J. M. Johns appeared in court and the attorney asked and was granted leave to withdraw the plea of not guilty. The record indicates that the defendant or his attorney, then entered his plea of guilty. The court then found defendant's true age to be 22 years, sentenced him to life imprisonment in the state prison, and allowed the pauper attorney $100.00 for his services.

On October 1, 1952, appellant, by James C. Cooper, Indiana Public Defender, filed his verified petition for writ of error *coram nobis,* asking that the plea of guilty entered by him be set aside and held for naught and that his plea of not guilty be entered and for all further and proper relief.

Attached to the verified petition and made a part thereof is petitioner's Exhibits 1-A—a copy of a letter of Louis E. Kunkel, former warden of the Indiana State Prison, dated May 19, 1947, which omitting name and address of recipient, and signature, is as follows:

"Dear Sir:
"I have your letter of May 7th, 1947, with reference to Richard Sweet, I.S.P. #17441.
"I was the warden of the Indiana State Prison in 1935, having served in that capacity from 1933 to 1938.
"In April, 1935, Richard Sweet was convicted of kidnapping in the Parke Circuit Court, sentenced to life imprisonment, and confined in the Indiana

State Prison at Michigan City, Indiana. Within a few days following his admission to prison he prepared an appeal and exhibits to file in the State Supreme Court. He sent the papers to my office and requested me to have them notarized and mailed. At the time he sent the papers to my office, I, like most other wardens, did not know that the law required me to allow him, as a matter of right, to mail them. For that reason I followed the prison regulation in such matters and refused to grant his request. Several days later, and also a number of other times, he again sent papers concerning his case to my office addressed to the various state and federal Courts. Acting pursuant to the aforesaid prison rule his papers were not accepted for mailing."

1-B—Statement of P. H. Weeks, physician in charge Indiana State Prison, dated May 31, 1951, which omitting date and signature is as follows:

*"To Whom It May Concern:*

"This is to certify that Richard E. Sweet, Register No. 17441, has been under my care and attention most of the time since he entered the Indiana State Prison April 16, 1935.

"The records show that Sweet was held in Isolation for several months following his admission receiving medical attention."

Exhibit 1-D—Affidavit of J. M. Johns.

Many violations of appellant's constitutional rights are charged in the petition. In the trial the evidence was conflicting as to some of the charges. When the evidence is conflicting this court, on appeal, will not weigh the conflicting evidence. We shall not discuss such evidence in this opinion.

One of the violations charged is that appellant's pauper counsel was not appointed by the court until four days before the date fixed for the trial and that

this was not sufficient time for the appellant and his attorney to prepare for trial.

The fundamental right of a defendant in a criminal case to have competent counsel assist him in his defense, carries with it as a necessary corollary the right that such counsel shall have adequate time in which to prepare the defense. *Bradley* v. *State, Taylor* v. *State* (1949), 227 Ind. 131, 136, 84 N. E. 2d 580; *Powell* v. *Alabama* (1932), 287 U. S. 45, 68, 69, 77 Law Ed. 158, 170, 53 S. Ct. 55, 84 A. L. R. 527, 540; *Hoy* v. *State* (1947), 225 Ind. 428, 75 N. E. 2d 915; *Wilson* v. *State* (1943), 222 Ind. 63, 78, 83, 51 N. E. 2d 848.

Where a defendant is not granted sufficient time after the appointment of counsel, to prepare his defense, it amounts in substance to a denial of the right to counsel as guaranteed by Art. 1, Sec. 13 of the Indiana Constitution and to a denial of due process of law as guaranteed by the Amendment 14, Sec. 1, of the United States Constitution, as well as Art. 1, Sec. 12, of the Constitution of Indiana. *Bradley* v. *State, Taylor* v. *State* (1949), 227 Ind. 131, 136, 84 N. E. 2d 580, *supra.*

It will be noted that the sole penalty for the crime of kidnaping as provided by Sec. 10-2901, Burns' 1942 Repl. is imprisonment for life. The severity of the penalty, and the youth and poverty of the accused, imposed upon the trial judge the serious and weighty responsibility of determining the period of time the defendant should have to prepare his case for trial, after the appointment of the pauper attorney. *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 464 (headnote 3), 82 L. Ed. 1461, 1466, 58 S. Ct. 1019. The intrinsic record of the trial court which imports absolute verity shows that the judge took seven days after the request for pauper counsel was made by the defendant, to determine whether the request should be granted or

not. He then granted the request and appointed counsel four days before the date of trial, which period included a Sunday, which gave defendant three days time, counting the Sunday, in which to prepare. This record cannot be impeached except for fraud. The pauper counsel made no request for a continuance, to make preparation for trial, which indicates a lack of appreciation of the weighty responsibility cast upon him by his acceptance of the duties of pauper attorney for one charged with such a serious crime. One of these duties was to see that sufficient time was given to prepare the defense. We have heretofore held ". . . Both the judge and the prosecuting attorney have a duty as officers of the court to accord to the accused his constitutional rights . . . ." *Kuhn* v. *State* (1943), 222 Ind. 179, 187, 52 N. E. 2d 491. Again, in the dissent of Swaim, J., in the same case at page 193, we have this correct statement:

> "In the case of the defendant pleading guilty he has had no trial. By his motion to vacate the judgment of conviction and withdraw his plea he usually charges that he has been denied one or more of his constitutional rights. It is the duty of the trial court and of this court to see to it that those constitutional rights are not improperly denied to a defendant charged with crime."

In *Wilson* v. *State* (1943), 222 Ind. 63, at page 78, speaking by Richman, J., this court said:

> ". . . But in a case involving an appellant's life or liberty, we may not ignore prejudicial errors affecting his constitutional rights, when, as here, they are clearly and adequately presented in appellant's brief with supporting bill of exceptions. The procedural rules that would prevent their consideration must give way to the fundamental principles of due process."

In the instant case this particular prejudicial error

appears from the intrinsic record. Since it is our duty as well as that of the trial court to see that appellant's constitutional rights are not improperly denied, we must determine whether the four days given appellant and his attorney, only three days of which could be used to prepare for trial, was an infringement upon appellant's constitutional rights. In *Powell* v. *Alabama,* 287 U. S. 45, 77 Law Ed. 158, 53 S. Ct. 55, 84 A. L. R. 527, *supra,* the Supreme Court of the United States held that the selection of pauper counsel for defendants, six days before the day fixed for trial was not sufficient time. The court assigns a defendant pauper counsel as a necessary requisite of due process of law; and that duty is not discharged by an assignment at such time or under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case. pp. 71, 72, 287 U. S., 77 L. Ed. 172, 53 S. C. 55, 84 A. L. R. 527. In *Bradley* v. *State, Taylor* v. *State* (1949), 227 Ind. 131, 136, *supra,* we held that 65½ hours was wholly insufficient time in which to prepare a defense for defendants charged with robbery. We think the three days allowed in this case was an abuse of discretion by the trial court resulting in the virtual destruction of appellant's constitutional right to the assistance of counsel.

In his petition, appellant alleged that his pauper attorney told him that unless he consented to a plea of guilty being entered he would be shot and killed under pretext of an attempted escape. In the trial appellant testified that his pauper attorney used the trial judge's name in telling him that he would be shot and killed under pretense that he tried to escape—that unless he remained silent when his attorney entered a plea of guilty he would be shot and killed under pretense of an attempted escape. This evidence he gave in chief and also in his cross-examination.

He further testified that when he was taken to the court house on the mornings of April 11th, and 15th, 1935, there were guards around the court house armed with rifles and shotguns. He understood that they were placed there by the trial judge's instructions. The prosecuting attorney who prosecuted appellant in 1935, testified that he knew nothing about the armed guards being stationed around the court house on "April 13th., 11th., or 15th." Except this lack of knowledge by the prosecutor, there is no evidence even tending to contradict appellant's evidence on this subject in the record. Notwithstanding this evidence was given directly to the trial judge, he did not become a witness to refute or explain it, although he was available. It therefore stands in the record undisputed. This entire situation, including of course, the meager time given to prepare the defense, clearly indicates that highly improper means were employed to secure the plea of guilty. Adopting as our own the words of Judge Elliott in *Sanders* v. *State* (1882), 85 Ind. 318, at page 330, "We cannot conceive it possible—possible, we mean, in a legal sense, and under legal principles—that a court, with knowledge that a plea of guilty is forced from a prisoner by fear of death, would imprison him for life without a hearing or trial."

Appellant further charged that very soon after his confinement in the State Prison he requested of Warden Kunkel, permission to mail to the clerk of the Parke Circuit Court, a motion to withdraw the plea of guilty, but his request was denied. He then prepared a petition to the Indiana Supreme Court, seeking to mandate the warden to allow him to mail his motion to withdraw the plea of guilty. The warden refused to receive these papers for mailing. He then attempted to write the Chief Justice of this court, telling him about the

situation, but his letter was returned by the warden marked "not allowed." He then prepared a petition to mandate the trial judge to appoint counsel, to prepare a motion to withdraw the plea of guilty and if necessary to take an appeal from the court's ruling, but the papers were returned by the warden with the statement that it would not be accepted for mailing. He then prepared an application for a writ of habeas corpus to the Federal Court for the Northern Indiana District, but the Warden refused to accept it for mailing and informed petitioner that if he persisted in such matters he would have him put in the "hole" on bread and water. The letter of the warden attached to and made a part of the petition, admits the complete suppression of appellant's various legal documents seeking relief from the judgment.

The evidence not only fully sustains this contention of appellant, but it is undisputed and must be taken as true, *Beard* v. *State* (1949), 227 Ind. 717, 720, 88 N. E. 2d 769. This suppression of appellant's right to ask the courts for relief is a violation of his right to due process and "the Equal Protection Clause" of Sec. 1 of the 14th Amendment of the U. S. Constitution. *Cochran* v. *Kansas* (1942), 316 U. S. 255, 86 L. Ed. 1453, 62 S. Ct. 1068; *Dowd as Warden* v. *United States Ex Rel. Cook* (1951), 340 U. S. 206, 208, 95 L. Ed. 215, 218, 71 S. Ct. 262, 19 A. L. R. 2d 784. It is also a violation of the due course of law clause of Sec. 12, of Article I of the Constitution of Indiana. *Beard* v. *State* (1949), 227 Ind. 717, 720, 88 N. E. 2d 769, *supra; Sanders* v. *State* (1882), 85 Ind. 318, *supra.* Because of the denial of appellant's constitutional rights as in this opinion stated, the judgment rendered against him in the trial court on April 15, 1935, is null and void.

For the reasons given the judgment of the trial court

is reversed with instructions to sustain appellant's petition for writ of error *coram nobis,* to vacate the judgment rendered against him on April 15, 1935, in cause No. 5640 in the Parke Circuit Court, to permit the withdrawal of the plea of guilty entered in said cause on said date, and to allow a plea of not guilty to be entered therein, and for further proceedings agreeable with this opinion.

Flanagan, J., concurring.

Bobbitt, J., concurring in the result reached for the reason stated in *Dowd* v. *U. S. ex rel. Cook* (1951), 340 U. S. 206, 95 L. Ed. 215, 71 S. Ct. 262, 19 A. L. R. 2d 784.

Draper, C. J., and Emmert, J., not participating.

NOTE.—Reported in 117 N. E. 2d 745.