SINCLAIR POINDEXTER *v.* STATE OF INDIANA.

[No. 172A44. Filed December 20, 1972.]

---

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana, *Paul J. Baldoni,* Assistant Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *John McArdle,* Deputy Attorney General, for appellee.

SHARP, J.—Defendant was convicted of first degree burglary and his conviction was affirmed on appeal by our Supreme Court. See *Poindexter* v. *State* (1970), 255 Ind. 406, 264 N.E.2d 605. Thereafter, the defendant filed a petition for post-conviction relief which was denied. The only evidence presented at the hearing on defendant's petition for post-conviction relief was the testimony of the defendant him-

self. There is a conflict in the defendant's own testimony as to whether or not his trial counsel advised him as to testifying in his own behalf. During the trial of the principal case, the defendant admitted a prior conviction of burglary and resisting arrest. In the trial resulting in his conviction several eyewitnesses identified him as the man who committed the burglary in question.

The sole purported error alleged here in this post-conviction relief proceeding is that the defendant's trial counsel was incompetent. The sole purported error of defendant's trial counsel was that he advised the defendant to testify in his own behalf and thereby permitted the defendant to be cross-examined as to prior convictions.

Counsel appointed or accepted by the court to represent a defendant in a criminal proceeding is presumed to be competent. *Hathaway* v. *State* (1968), 251 Ind. 374, 241 N.E.2d 240; *Langley* v. *State* (1968), 250 Ind. 29, 232 N.E.2d 611, cert. den. 393 U.S. 835 (1968). It must be presumed that petitioner's attorney discharged his full duty and should require strong and convincing proof to overcome this presumption. *Shuemak* v. *State* (1970), 254 Ind. 117, 258 N.E. 158; *Isaacs* v. *State* (1971), 257 Ind. 319, 274 N.E. 2d 231; and *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N.E. 2d 184. This presumption can only be overcome if it can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocked the conscience of the court. See *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255.

In *Bays* v. *State* (1959), 240 Ind. 37, 159 N.E.2d 393, cert. den. 361 U.S. 972 (1959), our Supreme Court stated:

"Neither is failure of counsel to claim for his client every possible legal advantage proof of inadequacy of counsel. The law does not require perfection in representation but only that such representation be with reasonable skill and diligence. Hendrickson v. State (1954), 233 Ind. 341, 118 N.E.2d 493; Stice v. State (1950), 228 Ind. 144, 89 N.E.2d 915; Lunce, Reynolds v. State (1954), 233 Ind. 685, 122 N.E.2d 5."

More recently, in *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255, 258, our Supreme Court made a more pointed application of the rule as follows:

"If every mistake or oversight made in the preparation of a case or at trial, perceived in the leisure of retrospection, should be considered probatory of legal incompetency, then the majority of all criminal defendants might validly assert such a claim. However, hindsight is not the test, as this Court so recognized in Thomas v. State (1969), 251 Ind. 546, 242 N.E.2d 919."

In this case, by the defendant's own testimony his trial counsel conducted an extensive investigation and visited the defendant approximately ten times prior to trial. The defendant talked to his trial counsel almost every day for two weeks before the trial while the defendant was free on bond. In fact, the trial counsel went to the defendant's home to discuss the pending case with the defendant and wanted the defendant to show him the scene.

We are primarily concerned with questions of trial tactics and strategy and we believe the record wholly fails to show a case of inadequate representation. The proceedings in this case are not a mockery or shocking to the conscience of the court. The trial court did not commit reversible error when it failed to grant the defendant's request for a post-conviction remedy. Therefore, the decision of the trial court should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 290 N.E.2d 512.