RICHARD G. SARGEANT v. STATE OF INDIANA.

[No. 2-1172A99. Filed July 31, 1973.]

*Harriette Bailey Conn (Mrs.)*, Public Defender of Indiana, *Carr L. Darden, Sr.*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert A. Zaban*, Deputy Attorney General, for appellee.

SHARP, J.—The Appellant, Richard G. Sargeant, was charged with the offense of robbery by affidavit filed on January 15, 1968. The Appellant entered a plea of not guilty, and

the Appellant was found guilty by the jury and sentenced by the trial court to a term of ten to twenty-five years. This sentence was reviewed by our Supreme Court in *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E.2d 525. Said conviction was affirmed but the Supreme Court ordered the sentence corrected to a term of ten to twenty years, which was accordingly done by the trial court.

This present case was commenced when the Appellant filed his Petition for Post-Conviction Relief on December 28, 1971, which petition was heard by the trial court on February 9, 1972 and on June 9, 1972 the trial court entered the following Findings of Fact and Conclusions of Law:

## "FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause came on to be heard by the Court on the Petition of Richard G. Sargeant, Petitioner, for Post Conviction Relief, and the evidence having been heard, and the Court being duly advised in the premises, now makes its findings of fact and conclusions of law in accordance with Rule P.C. 1 (F) of the Indiana Rules of Procedure.

### FINDINGS OF FACT

1. Petitioner was convicted for the crime of Robbery on a plea of not guilty, after a trial, on July 2, 1969.

2. Petitioner was sentenced to an indeterminate term of ten to twenty-five years on July 10, 1969.

3. Petitioner initiated proceedings for Post Conviction Relief in this Court on July 8, 1971.

4. Petitioner has not shown by a preponderance of the evidence that his conviction was obtained in violation of the Constitution of the United States or the Constitution or Laws of the State of Indiana.

5. Petitioner has not shown by a preponderance of the evidence the counsel representing Petitioner at his trial incompetently or inadequately represented him at that time or at any time during the prior proceedings.

6. On January 6, 1971, Petitioner's ten to twenty-five year sentence imposed on July 10, 1969, was corrected *nunc pro tunc* as of July 10, 1969, to an indeterminate sen-

tence of not less than ten nor more than twenty years and a corrected commitment was issued at that time.

## CONCLUSIONS OF LAW

1. The law is with the State of Indiana and against Petitioner.

2. Trial counsel competently and adequately represented Petitioner at this trial.

3. On January 6, 1971, Petitioner's ten to twenty-five year sentence imposed on July 10, 1969, was corrected *nunc pro tunc* as of July 10, 1969, to an indeterminate sentence of not less than ten nor more than twenty years and a corrected commitment was issued at that time."

A Motion to Correct Errors was duly filed and overruled and this appeal has been duly perfected.

The issue raised in this appeal relates to whether or not the defendant had a fair trial and narrows to the question of whether his attorney was competent and whether he received adequate representation.

It is necessary to summarize certain parts of the record in order to determine the issue presented here. The Appellant waived formal arraignment and entered a plea of not guilty to the offense of robbery in the trial court on January 17, 1968. On March 15, 1968 an Indianapolis attorney entered his appearance for the Appellant. Thereafter, the record discloses that said attorney requested and was granted several continuances. Appellant failed to appear in Court on April 21, 1969, and a bond forfeiture and rearrest warrant were ordered. On April 25, 1969, a second Indianapolis attorney surrendered Appellant in court. On May 12, 1969 this second Indianapolis attorney requested another continuance of the Appellant's case on behalf of the first Indianapolis attorney who was still attorney of record in this case for the Appellant. The trial of this robbery charge was set for June 30, 1969 and on that day the first Indianapolis attorney withdrew and the second Indianapolis attorney who

had previously taken the above action in the case formally entered his appearance for the defendant on the morning that the trial commenced. It should be noted that during this period of time the first Indianapolis attorney had suffered a heart attack. A part of the proceedings occurring in the trial court on the morning of June 30, 1969 is relevant:

"THE COURT: I do want the record to show that at approximately ten thirty this morning I called a recess until approximately eleven o'clock, and then at eleven o'clock I granted the defendant's request for a continuance until two o'clock this afternoon and it is exactly two o'clock now. I want the record also to further show that, Mr. Erbecker, if you want any intercession on my part by the Sheriff to service [sic] those subpoenas . . .

MR. ERBECKER: We have three here I would like . . .

THE COURT: . . . I will be more than happy to do so, also if you need any extra time for interview of these witnesses or anything like that, don't hesitate to ask.

MR. ERBECKER: Thank you, Your Honor.

THE COURT: All right, the record will so show."

On June 30, 1969 after the prosecuting attorney had made an opening statement, the trial of the case was adjourned until the following day at 9:30 A.M. The second Indianapolis attorney conferred with the Appellant for "probably less than an hour or an hour and a half" on the day that the trial was scheduled to begin. The second Indianapolis attorney is an experienced attorney who has been regularly representing persons charged with crime in Indianapolis since 1936 and has tried between two and three hundred criminal jury cases since 1936. The first Indianapolis lawyer who had withdrawn from the case was subpoenaed to testify in the post-conviction remedy proceedings and hearing but was unable to testify because of medical reasons but four other witnesses, including the Appellant himself, did testify. The post-conviction proceedings and hearing were heard before the same judge that presided in the jury trial in this

case. Said trial judge had the opportunity to see and hear the performance and competence of the Indianapolis attorney who represented the Appellant in the jury trial in this case.

On two recent occasions our Supreme Court has reiterated the rule that there is a presumption that counsel appointed or accepted by the court to represent a defendant is competent. The presumption can be overcome only if it can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocking to the conscience of the court. See *Kelly* v. *State* (1972), 259 Ind. 414, 287 N.E.2d 872; and *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E.2d 686. For recent cases in this court to the same effect see *Poindexter* v. *State* (1972), 154 Ind. App. 534, 290 N.E.2d 512; and *Lenwell* v. *State* (1973), 156 Ind. App. 41, 294 N.E.2d 643. These rules have been explicitly reaffirmed by our Supreme Court within this month in *Haddock* v. *State* (1973), 260 Ind. 593, 298 N.E.2d 418.

The Appellant in this case had the burden to overcome this presumption by strong and convincing proof. See *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E. 2d 803.

While the Appellant here asserts that his trial counsel did not have adequate time to prepare for the trial of the case there is no showing that a continuance was sought in the trial court on that basis. It appears that the trial court on its own motion made additional time available to trial counsel and offered more assistance and time if desired. There is nothing to show that such was requested. There is also a total failure to show how any of the actions or inactions of Appellant's trial counsel in any way made a mockery of said proceedings or shocked the conscience of the court. An examination of the errors raised on the merits in *Sargeant* v. *State* (1970), 255 Ind. 252, 263 N.E. 2d 525, indicates that said trial counsel performed his duties as an advocate for the Appellant in an adequate manner.

Since the entire transcript of the jury trial proceedings was introduced at the hearing on Appellant's Petition for Post-Conviction Relief we have carefully considered it in making our decision here.

It is elementary that this court cannot, will not and should not weigh the evidence to determine for whom it preponderates unless it is all one way and but one conclusion could be reached from the facts proved and such decision is adverse to the one made by the trial court. Under these standards of appellate review, we cannot say that the trial court erred in its denial of post-conviction relief and are unpersuaded by the Appellant's argument to that effect.

Therefore, the decision of the trial court should be and hereby is affirmed.

Hoffman, C.J. and Staton, J., concur.

Reported at 299 N.E.2d 219.