Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 344 N.E.2d 312.

---

ROBERT ALLEN COBB *v*. STATE OF INDIANA.

[No. 1-1275A215.  Filed April 1, 1976.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Charles M. Russell,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—On August 9, 1973, Cobb committed a robbery of the Cow Palace Steak House at Jeffersonville, Indiana, by holding a revolver on Richard Krouse, its manager. Cobb was overpowered in the steak house by employees and arrested. He was charged with robbery[1] and the Public Defender of Clark County, Robert R. Riggle, was appointed on August 13, 1973, to defend Cobb, an indigent. On August 13th the cause was set for trial for September 18, 1973.

On September 18, 1973, the court continued the cause for the reason the prosecuting attorney and attorney Riggle, Cobb's attorney, were engaged in a criminal proceeding in another county. The trial court at that time reset this cause for trial on October 16, 1973. Then on October 16, 1973 Cobb's counsel was ill and unable to try the cause and the court continued the cause and reset the same for jury trial on November 29, 1973.

On November 29, 1973, the prosecuting attorney and Cobb's attorney appeared and on Cobb's attorney's motion the cause was continued to February 5, 1974. A trial by jury was had and the cause was submitted to a jury on the latter date. At the conclusion of the trial Cobb's counsel tendered in Cobb's behalf ten instructions which were given and read to the jury.

The jury returned a verdict of guilty of the crime of robbery and fixed his punishment at imprisonment for not less than ten nor more than twenty-five years. Judgment was timely entered accordingly.

On August 2, 1974, Cobb filed under Rule I his Petition for Post Conviction Relief and the Public Defender of Indiana was appointed by the trial court to represent Cobb. A deputy prosecuting attorney appeared for the State and filed answer in two paragraphs of which the first was a denial and the second was affirmative.

---

1. IC 1971, 35-13-4-6, Burns 1975 Supp. § 10-4101.

On May 23, 1975, hearing was had on Cobb's Petition for Post Conviction Relief which, after hearing was had and evidence introduced, was denied by the court which handed down its findings of fact and conclusions of law thereon. The findings of fact were:

1. That Robert Riggle was appointed counsel for Cobb.

2. That Riggle, prior to arraignment, conferred with Cobb during which conference Cobb admitted his guilt and that he did not have an alibi or other defense to the charge; but upon advice of counsel Cobb entered a plea of not guilty.

3. That attorney Riggle attempted to plea bargain on Cobb's behalf on several occasions.

4. That attorney Riggle conferred with Cobb on several occasions before trial, discussing the progress of plea negotiations.

5. That attorney Riggle, prior to representing Cobb, had been in criminal practice for twelve years and had engaged in over a dozen criminal jury trials, including trials for murder, burglary and robbery and has successfully won verdicts of acquittal for a number of his clients.

6. That Cobb never filed or requested a motion to be filed for a speedy trial, nor did he complain to the court or his attorney at any time about the length of his pre-trial incarceration.

7. At his sentencing he said he was satisfied with the conduct of his attorney representing him.

8. That Cobb received effective assistance from his attorney in preparing and representing him at trial.

9. That there was no evidence presented by which the court can believe or find he was denied rights guaranteed by the Sixth and Eighth Amendments of the United States Constitution. There was no evidence from which the trial court could determine Cobb's sentence was unlawful or contrary to law.

The Conclusion of Law was that the law was with the State of Indiana and against the petitioner.

Afterward, on September 5, 1975, Cobb's motion to correct errors was filed, considered by the court and denied. Praecipe was prayed and hence this appeal.

## ISSUES:

The issue herein presented is framed by the trial court's findings of fact and conclusions of law on the Petition for Post Conviction Relief, Cobb's motion to correct errors and the court's overruling of the motion to correct errors. Cobb's contention is that he did not receive adequate representation because of attorney Riggle's failure to inform him that he was entitled to a speedy trial.

## DISCUSSION:

Even if Cobb's contention is true we do not find attorney Riggle's failure to inform the defendant of his right to a speedy trial to be of such a magnitude as to warrant a finding that defendant received inadequate or incompetent representation.

Cobb relies on the case of *Wilson* v. *State* (1943), 222 Ind. 63, 51 N.E.2d 848, 855, wherein our Supreme Court said:

". . . The spirit of these constitutional provisions requires that an accused must have something more than a perfunctory representation. This is true whether the attorney is appointed by the court or engaged by the accused. . . ."

Cobb told the trial judge he was satisfied with the defense given him. His attorney also told him of his rights to appeal and he declined to file a motion to correct errors.

Attorney Riggle testified he conferred at length several times with Cobb and then attempted plea negotiations which were unsuccessful. In fact, Cobb admitted he was caught with no witnesses and no alibi and further he could not furnish his counsel any type of information which might help him. The record discloses that at no time did Cobb express displeasure with attorney Riggle prior to his conviction.

It was within the province of the trial court to determine whom he would believe and whom he would disbelieve and weigh the evidence on the Post Conviction hearing, which he did.

Cobb testified he saw Riggle only a few times, which created a conflict in the evidence which must be resolved in favor of the decision of the trial court. *McMinoway* v. *State* (1972), Ind. App., 283 N.E.2d 553.

In the case of *Shack* v. *State* (1967), 249 Ind. 67, 231 N.E.2d 36, our Supreme Court said that although they had written on the subject of adequate preparation and adequate time for preparation they could only conclude that each case stands on its own facts.

This court in the case of *Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E.2d 219, 222 said:

"On two recent occasions our Supreme Court has reiterated the rule that there is a presumption that counsel appointed or accepted by the court to represent a defendant is competent. This presumption can be overcome only if it can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocking to the conscience of the court . . . [cases cited omitted] For recent cases in this court to the same effect see *Poindexter* v. *State*, [154] Ind. App. [534], 290 N.E.2d 512, (1972) ; and *Lenwell* v. *State*, [156] Ind. App. [41], 294 N.E.2d 643 (1973). These rules have been explicitly reaffirmed by our Supreme Court within this month in *Haddock* v. *State*, 260 Ind. 593, 298 N.E.2d 418 (1973)."

There is a presumption that court appointed counsel is competent to represent a defendant and the defendant has the burden to overcome that presumption in a Post Conviction hearing.

*Shuemak* v. *State* (1970), 254 Ind. 117, 258 N.E.2d 158, quoted the following from *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N.E.2d 184:

" 'It must be presumed that appellant's attorney discharged his full duty and it should require strong and convincing proof to overcome this presumption.' "

It is our opinion that Cobb failed to overcome the presumption that his court appointed attorney was competent.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 344 N.E.2d 306.