Raul Rudi SOTELO, Appellant,

v.

STATE of Indiana, Appellee.

No. 779S205.

Supreme Court of Indiana.

Aug. 21, 1980.

Nile Stanton, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Raul Rudi Sotelo, was convicted of murder in a 1974 trial by jury in the Superior Court of Lake County. He received a life sentence, and his conviction was affirmed on direct appeal to this Court. See *Sotelo v. State*, (1976) 264 Ind. 298, 342 N.E.2d 844.

Following a hearing upon a subsequently filed petition for post-conviction relief, the trial court below entered its findings of fact and conclusions of law for the State in 1979. Therein the trial court concluded that petitioner had not been denied the adequate assistance of counsel at his 1974 trial. From this judgment Sotelo has prosecuted this appeal.

At the post-conviction hearing the burden was with appellant, the petitioner, to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. In appealing from the judgment of the trial court against him appellant must satisfy this Court that the evidence as a whole was such that it leads unerringly and unmistak-

ably to a decision in his favor; that is, one opposite to that reached by the trial court. Only then can appellant prevail here.

Appellant, at age eighteen, was convicted of killing a girl twelve years of age whom he had been unable to convince to have sexual relations with him. He did so by running over her repeatedly with his automobile. The defense at trial was insanity. Appellant concedes that trial counsel prepared extensively for trial, took depositions and attempted to zealously defend him at trial; but nonetheless complains that trial counsel was not adequate because "(1) the interests of justice truly militate strongly in favor of setting aside Sotelo's conviction, and (2) trial counsel could have produced for the jury's consideration additional and significantly substantial material evidence" in the form of lay opinion testimony on the issue of insanity and his own testimony in support of the defense of insanity.

The Sixth Amendment to the United States Constitution provides in pertinent part:

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."

The Indiana Constitution in Art. I, § 13, provides in part:

"In all criminal prosecutions, the accused shall have the right . . . to be heard by . . . counsel . . ."

Both constitutions guarantee defense counsel who will actually provide professional legal assistance and be heard from.

In *Magley v. State,* (1975) 263 Ind. 618, 335 N.E.2d 811, the appellate approach in dealing with this issue was presented:

"Counsel is presumed to have prepared and executed his client's defense effectively. *State v. Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70; *Robbins v. State* (1971), 257 Ind. 273, 274 N.E.2d 255. This presumption is rationally grounded in the educational and other requirements for admission to the practice of law, but is rebuttable by strong and convincing proof. *Robbins v. State, supra.* In resolving the issue, a court should consider

the totality of the circumstances surrounding counsel's pre-trial preparation and the actual conduct of the trial. *Lowe v. State* (1973) 260 Ind. 610, 298 N.E.2d 421; *Blackburn v. State* (1973) 260 Ind. 5, 291 N.E.2d 686; *Sargeant v. State* (1973) 157 Ind.App. 173, 299 N.E.2d 219. Perfunctory representation is not enough. *Wilson v. State* (1943), 222 Ind. 63, 51 N.E.2d 848; *Castro v. State* (1925), 196 Ind. 385, 147 N.E. 321. Counsel must have reasonable time for pre-trial preparation. *Hartman v. State* (1973) 155 Ind. App. 199, 292 N.E.2d 293. Deliberate choices made by counsel for some contemplated tactical or strategic reason which turn out to be detrimental to the client's cause do not establish ineffective representation. *Henry v. Mississippi* (1965), 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408; *Lowe v. State, supra.*" 263 Ind. at 621, 335 N.E.2d at 814.

The trial court made special findings on point. He found that defense counsel had engaged in extensive research and preparation for the trial of this case, and did cause appellant's mother and wife to testify at trial, but did not elicit their opinions as to appellant's insanity. The court further found that appellant in pre-trial conference with his lawyer admitted that he had in fact killed the young girl, and that counsel consciously decided not to call lay witnesses for the purposes of eliciting opinion on insanity because he deemed them to be not credible, and for the further reason that four experts did testify favorably to the defendant's special plea of not guilty by reason of insanity.

Counsel's manner of prosecuting the defense of insanity is described in detail in this Court's opinion on appellant's direct appeal. *Sotelo v. State, supra.*

"The Appellant presented six witnesses in support of his plea of not guilty by reason of insanity. Called by the trial court to testify were two physicians appointed to examine the Appellant pursuant to Ind.Code § 35–5–2–2 (Burns 1975). These witnesses presented the evidence upon which the Appellant's sufficiency argument is based.

Lay testimony by four witnesses—the Appellant's mother, sister, wife, and a former school classmate—established a pattern of emotional distress following the death of the Appellant's father when the Appellant was nine years old. The Appellant was subject to frequent outbursts of anger and a desire to be alone much of the time. The Appellant on occasions beat his mother, sister, and wife.

Two expert witnesses were also called by the Appellant to testify. The first, a psychologist, testified regarding psychological tests he administered to the Appellant. Indicated, he concluded, was a diagnosis of paranoid schizophrenia. The second expert, a psychiatrist, testified that he examined the Appellant and concluded that on September 27 the Appellant was suffering from a mental disorder which made him unable to determine the wrongfulness of his act. The disorder was diagnosed as chronic and differentiated schizophrenia. It was his opinion that the Appellant's psychotic condition at the time of the crime also rendered him unable to conform his conduct to the requirements of the law.

The two psychiatrists appointed by the court did not go so far as to diagnose the Appellant's precise mental disorder. It was the conclusion of each physician, however, that the Appellant was at the time of the crime, unable to conform his conduct to the requirements of the law and was therefore legally insane." 264 Ind. at 305, 342 N.E.2d at 848–49.

The general rule which prevails on this point is that defense counsel is not ineffective in his representation in a criminal case for failure to present all evidence in support of the defense position. *Magley v. State, supra; Johnson v. State,* (1968) 251 Ind. 17, 238 N.E.2d 651; *Foster v. State,* (1974) 262 Ind. 567, 320 N.E.2d 745. However, if defense counsel failed to produce any evidence at all from available sources in support of a defense, the representation provided could hardly be deemed adequate or effective. *Willoughby v. State,* (1961) 242 Ind. 183, 167 N.E.2d 881, 177 N.E.2d 465. It is evident from the above description of defense counsel's efforts that had he elicited lay opinion testimony of insanity and testimony of appellant to the same effect, it would have been cumulative of the opinions rendered by four expert witnesses, including two appointed by the court itself. The general rule is applicable under these circumstances, and therefore, it was a matter of discretion on the part of defense counsel to exercise his judgment in determining whether to elicit the lay opinions and recommend that appellant take the stand in his own behalf for this purpose.

Moreover, it is of significance here that defense counsel did call lay witnesses and have them point out unusual conduct which they had observed on the part of appellant during their private relationships with him. Such testimony from close friends and relatives is often effective in persuading the jury that the accused was not sane at the time of the offense, but as a rule its persuasive force for this purpose is not appreciably enhanced by extracting the obvious inference of mental disease or defect from the unusual and often bizarre behavior reportedly observed. It can often be effective for counsel to leave it up to the trier of fact to draw obvious inferences.

Further data relevant to this issue are the testimony of appellant's wife and his mother during the post-conviction hearing. While both stated that defense counsel did not ask them whether they had an opinion on the sanity of appellant, both revealed that they held the opinion that appellant was insane at the time of the offense. When cross-examined, both disclosed that such opinion was based upon the belief that one committing such a terrible crime would have to be insane. An opinion having this tenuous basis would tend to weaken rather than strengthen a lay witness' description of the accused's past unusual behavior. The testimony of these witnesses supports defense counsel's decision not to elicit these opinions.

Appellant also argues that defense counsel was ineffective in that he may not have known at the time of trial that lay opinion testimony on the question of insani-

ty was admissible under Indiana law. This argument is similar to one addressed to the United States Supreme Court in *United States v. Agurs*, (1976) 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342. There the court held that defense counsel's erroneous belief that the victim's criminal record was not admissible and his consequent failure to request production of such record from the prosecution did not demonstrate ineffectiveness. That record would have shown prior violent attacks by the victim with a knife. Linda Agurs' defense was that she killed Sewell in self-defense, and was able to present no separate evidence in support of her position at trial. If the erroneous view of the law displayed by Agurs' counsel with its severe impact did not demonstrate ineffectiveness, defense counsel's alleged mistake could not do so either.

■ The findings of the trial court are supported by the evidence presented and warrant the conclusions reached. There is a plethora of support for the conclusion that appellant was provided that quality of representation guaranteed him by the federal and state constitutions. Appellant has made repeated claim in his brief that justice has not prevailed in this case because he suffered at the time of the crime, and to this day, from mental disease. It may be well to observe that justice has been defined as the end result of the application of fair procedures. To date appellant has been unable to demonstrate that his conviction is unjust in this sense.

The judgment of the trial court is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.