Michael S. HAYENGA, Appellant,

v.

STATE of Indiana, Appellee.

No. 782S267.

Supreme Court of Indiana.

June 13, 1984.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Michael S. Hayenga appeals from the denial of his petition for post-conviction relief. Hayenga was originally charged with two counts of armed robbery, two counts of burglary and one count of theft. He pleaded not guilty to these charges. Pursuant to a plea bargain agreement, Hayenga later withdrew his not guilty plea and entered a plea of guilty to one count of robbery while armed with a deadly weapon, a class B felony. He was sentenced to a fifteen year term of imprisonment. Two years later, Hayenga filed a petition for post-conviction relief which was denied following a hearing.

Petitioner argues on appeal that his guilty plea was not entered knowingly, intelligently, and voluntarily because he was not advised of all of his rights in accordance with Ind.Code § 35–4.1–1–3 (Burns 1979 Repl.) [Acts 1973, P.L. 325, § 4, p. 1750 (repealed 1982); for provision effective September 1, 1982, see Ind.Code § 35–35–1–2 (Burns Supp.1983) ]. He also alleges that the sentence imposed was erroneous and that he was denied the effective assistance of counsel, but due to our resolution of his first assignment of error, we need not address these contentions.

■ At the guilty plea hearing, the trial judge attempted to advise petitioner of the rights set out in Ind.Code § 35–4.1–1–3. Hayenga contends that he was not sufficiently advised in accordance with this statute and that therefore his guilty plea must be set aside. We agree. While the exact language of the statute need not be employed, *Laird v. State*, (1979) 270 Ind. 323, 385 N.E.2d 452, it is the duty of the trial judge to comply strictly with the mandates of the statute. *German v. State*, (1981) Ind., 428 N.E.2d 234 (Givan, C.J. and Pivarnik, J., dissenting).

■ Hayenga claims that he was not advised that by his plea of guilty he was waiving his right to a public and speedy trial by jury as required by Ind.Code § 35–4.1–1–3(c). Although the right to a public trial was adequately conveyed to Hayenga through the trial court's discussion of the make-up of the jury and his rights to confront his accusers, see, *Lowe v. State*, (1983) Ind., 455 N.E.2d 1126; *Garringer v. State*, (1983) Ind., 455 N.E.2d 335, there was *no* mention of his right to a speedy trial. We will not presume that a defendant was aware of any of the information required to be disclosed by the trial court by Ind.Code § 35–4.1–1–3 from a silent record. *Turman v. State*, (1979) 271 Ind. 332, 392 N.E.2d 483.

■ Petitioner further contends that he was not advised that the trial court was not a party to any agreement between the prosecutor and defense and was not bound thereby, pursuant to Ind.Code § 35–4.1–1–3(e). A similar claim was raised by the petitioner in *McCann v. State*, (1983) Ind., 446 N.E.2d 1293. We found that the statute was satisfied there because the petitioner was expressly told that the plea bargain was not binding on the judge and that no agreement between him, his attorney and the prosecutor was binding on the court. Here, however, the record reveals that the defendant was in no way advised or informed that the court was not a party to the agreement and was not bound thereby. We do not find persuasive the State's argument that the objective of subsection (e) was met by the statement of the trial judge that the agreement was signed by Hayenga, his attorney and the deputy prosecutor and by his advisement of the possible range of penalties. The trial judge did not sufficiently "[convey] the idea that the court had not been a bargainer and that he had made no prior commitments." *McCann v. State, supra,* Ind., 446 N.E.2d at 1296. *See also, Early v. State*, (1983) Ind., 454 N.E.2d 416 (Givan, C.J. and Pivarnik, J., dissenting).

Hayenga also claims that his plea was not entered knowingly, intelligently and voluntarily because he was not advised in accordance with Ind.Code § 35–4.1–1–3(d), which provides in pertinent part that a defendant must be informed "of any possible increased sentence by reason of the fact of a prior conviction or convictions." Although the trial judge did emphasize the range of sentences that could be imposed for a class B felony and stated that the presumptive sentence might be increased because of aggravating factors or decreased because of mitigating factors, he did not in any way indicate that prior convictions of the defendant might result in an enhanced sentence. We have held that a guilty plea is not knowingly, intelligently and voluntarily entered when the record demonstrates the lack of an advisement that prior convictions might result in an increased sentence. *Johnson v. State*, (1983) Ind., 453 N.E.2d 975 (Givan, C.J., and Pivarnik, J., dissenting). This obligation to inform the defendant of the aggravating effect of prior convictions is not satisfied by the advisement of the maximum sentence of the charged offense. *Johnson, supra.*

The State contends that there is no indication in the record that Hayenga had a prior conviction. However, the judge accepting a plea of guilty is not ordinarily cognizant of the existence or non-existence of prior convictions. It therefore seems unwise to relieve him of the simple task of complying with the statutory mandate of Ind.Code § 35–4.1–1–3(d) and informing the defendant of the possibility of an increased sentence because of prior convictions. The goal must be to make the plea of guilty as final and free from legitimate challenge as is possible. The State's view here is not in accord with this objective, in that it would invite the introduction of risk into the plea process.

In a post-conviction hearing, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1, § 5. On appeal from an adverse judgment he must satisfy this Court that "the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State*, (1980) 273 Ind. 694, 696, 408 N.E.2d 1215, 1215–16. The record in this case discloses that Hayenga was not advised or informed that he was waiving his right to a speedy trial, that the trial judge was not a party to any agreement between the prosecutor and the defense and was not bound thereby and that an increased sentence might be imposed due to prior convictions. These omissions require us to declare that the finding of the post-conviction judge that Hayenga's guilty plea was made voluntarily and intelligently with an understanding of his rights and the penalties involved is contrary to the law and the evidence.

The judgment denying relief to petitioner is reversed and the cause is remanded with instructions to vacate petitioner's guilty plea.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., and PIVARNIK, J., dissent.