No. 126.—DAVID WINKLE, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[1.] Two persons were indicted jointly. They severed, and one of them continued his case. The other demanded a trial, and that being refused, moved to have his demand entered on the minutes. The Court refused the motion: *Held*, that the Court erred.

Indictment, in Catoosa Superior Court. Decision by Judge TRIPPE, April Term, 1856.

An indictment for an assault with intent to murder, was found in Catoosa Superior Court, against Gideon Smith and David Winkle. At the April Term, 1856, the cause was announced for trial. The defendants severed, and the Solicitor General elected to try Smith first. He having shown

·cause, the Court, on motion, continued the case as to him. Winkle announced himself ready for trial, and the Solicitor General being unwilling to try at this term of the Court, Counsel for Winkle moved the Court to place upon the minutes the following order:

"David Winkle having announced ready for trial at this term of the Court, and there being Juries empannelled and ·qualified to try said cause, it is ordered by the Court that said Winkle be tried at the next term of this Court, or that he be absolutely discharged and acquitted of the offence charged in the bill of indictment."

The Court over-ruled the motion and refused to allow the demand to be placed on the minutes of the Court, and Counsel for defendant excepted.

CROOK, for defendant. ·

SOL. GEN. for the State.

*By the Court.*—BENNING, J. delivering the opinion.

When persons jointly indebted have severed, and the State has elected to try one of them, and he continues his case, has the other a right to demand a trial? This is the only question.

We think he has. The words of the Statutes, taken in their plain sense, give him the right; and there is nothing in the Statute to show that in such case as his they ought not to be taken in their plain sense. (*Cobb's Dig.* 836.)

It is true, that when joint defendants "sever," the State has the right to elect which shall be first put on trial. But this can mean no more than if the State and all of the defendants are *at the same time* ready for trial, and the defendants sever and there is a disagreement between the State and the defendants, as to which of the defendants shall be tried first, then the State shall have the privilege of saying which of them shall be tried first. In case of severence, some one

of the defendants has to be tried first ; and when they are all pressing for trial at the same time, some body has to say which shall be the first, else a trial cannot take place. But this necessity exists only in cases in which the defendants, or more than one defendant, are at the *same time* pressing for trial.

This case was not of that sort. In this case, one of the defendants had continued the case, as to himself. There existed, therefore, no obstacle to the trial of the other defendant.

There is nothing in *Studsill vs. The State* adverse to this view. (7 *Ga. R.*)