301 So.2d 124 (1974)
Jimmy Lee RIGGINS a/k/a Alvin Curtis Laster, Appellant,
v.
STATE of Florida, Appellee.
Charles Hall McGILL, Appellant,
v.
STATE of Florida, Appellee.
Nos. T-116, T-117.
District Court of Appeal of Florida, First District.
August 8, 1974.
On Rehearing September 17, 1974.
Richard W. Ervin, III, Public Defender, Robert C. Parker, Jr., Special Asst. Public Defender, David J. Busch, Asst. Public Defender, Charles H. McGill, in pro. per., and Jimmy Lee Riggins, in pro. per., for appellants.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
The only meritorious point posed by these consolidated appeals is whether appellants, Riggins and McGill, have been deprived of their constitutional right of speedy trial.
*125 The facts pertinent to a determination of this appeal are as follows. Riggins and McGill were arrested on May 24, 1972, and informed against on July 12, 1972, for the crime of robbery. On July 12, 1972, an assistant public defender was appointed to represent them, and they were arraigned in open court on August 14, 1972, pleading not guilty. On August 24, 1972, identical but separate motions were filed on behalf of each requesting that a determination of their sanity be made. The court ordered that Riggins be examined by a court-appointed expert on September 14, 1972, and that McGill be examined by the same experts on October 5, 1972. On November 28, 1972, Riggins, in proper person, filed a motion for discharge on all charges pending against him claiming that he had been held in violation of his right to speedy trial. The trial court denied this motion on November 30, 1972, noting that any delay in trial was attributable to Riggins. On December 8, 1972, McGill filed a motion requesting that he be discharged on the basis of violation of speedy trial. The case was called for trial on December 11, 1972, at which time the record states that for the first time it came to the court's attention that Riggins was an unmarried minor and that notice of trial had not been served on his parents. No explanation is contained in the record as to why it did not come to the court's attention until the day scheduled for the trial that Riggins was a minor. The next entry in the record is an order dated December 19, 1972, in which the court states that by its own motion it has brought the records and cases before it for review. The order notes that psychiatric examinations were performed on Riggins on September 14, 1972, and that based on these findings he was declared to be competent and able to assist in the preparation of his defense in a competency hearing which was held on October 13, 1972. The order goes on to state that the case was called for trial on December 11, 1972, and that it came to the court's attention that Riggins was an unmarried minor and that for some reason which was not made known to the court, notice of trial had not been able to be served upon his parents. The order then continues the case from day to day and from term to term until the status of the State of Florida in regard to notice of Riggins's parent can be ascertained. The order concludes by the court appointing on its own motion a guardian ad litem for Riggins. On January 12, 1973, Riggins's and McGill's court-appointed attorney filed a motion for discharge on behalf of each alleging that they were entitled to go free due to violations of their right to speedy trial. In addition, their court-appointed attorney requested that he be allowed to withdraw as counsel. On January 15, 1973, Riggins's guardian ad litem filed a report with the court stating that an aunt of Riggins had been located but she wished to have nothing to do with him. Riggins and McGill were brought to trial on March 5, 1973, and the jury found them guilty of grand larceny.
A portion of the preceding factual developments which concerns us is the delay in the trial which was allegedly caused by the discovery that appellant Riggins was a minor. Florida Rule of Criminal Procedure 3.191(f) provides that the court may order an extension of time or a continuance when exceptional circumstances are shown to exist. Riggins and McGill were arrested on May 24, 1972, and it was not until some seven months later on December 11, 1972, the day the case was scheduled for trial, that the question of appellant Riggins's minority first came to the attention of the court. The record does not reflect why it took seven months for the court to become apprised of Riggins's minority. There is also no showing in the record that some exceptional circumstance existed which justified seven months passing before the court learned of Riggins's minority. Such a showing must be made by the state before a trial can be continued on the basis of exceptional circumstances pursuant to F.R.Cr.P. 3.191(f). Further, the record is void of any showing by the state why it waited from January 15, 1973, *126 (when Riggins's guardian ad litem filed his report with the court) until March 5, 1973, to bring Riggins and McGill to trial. The state's failure to make any record showing that the three months delay in trying Riggins and McGill due to Riggins's minority was an exceptional circumstance which justifies the delay results in this Court having to reverse the jury conviction and decree that Riggins and McGill be set free as their constitutional right to speedy trial has been violated.
Before concluding we note that even if the delay in trying Riggins had been justified that McGill was forced to wait, through no fault of his, for eightyfour days while the state inquired into Riggins's status as a minor. Again, the record is void of any showing by the state that as required by F.R.Cr.P. 3.191(f)(v) that the delay as to McGill was necessary to accommodate Riggins and that there was no reason to sever the cases. Absent of such a showing the state cannot violate McGill's right to a speedy trial.
The judgments appealed are reversed with directions that the appellants be set free.
JOHNSON, J., concurs.
SPECTOR, J., dissents.
SPECTOR, Judge (dissents):
I respectfully dissent from the majority decision herein. It clearly appears from the record that the major delay in bringing appellants to trial flowed from their own motions for sanity hearings.
Three months  90 days  expired between date of arrest and appellants' sanity motions. Said motions of appellants resulted in delay of their own making. A sanity hearing was held on October 13, 1972, resulting in findings that appellants were sane. Trial was then set for December 11, 1972, some 58 days later. Excluding time expiring attributable to sanity motions, the trial was set for 148 days following arrest. One appellant, Riggins, filed his motion for discharge on November 28, 1972, some 135 days following his arrest, excluding the sanity hearing delay attributable to him. The other appellant filed his motion for discharge on December 8, 1972, 145 operative days after his arrest.
Riggins' motion for discharge was denied November 30, 1972. On January 12, 1973, both appellants by counsel renewed their discharge motions, yet only 179 operative days had expired since their arrest.
It seems to me that the vigorous motion practice resorted to by appellants was calculated to hang the speedy trial rule around the court's neck rather than to obtain a speedy trial. Trial was in fact set for December 11, 1972, some 148 days after arrest, leaving the State a margin of 32 days remaining under the speedy trial rule. The discovery of Riggins' minority at this stage of the case furnishes ample circumstance authorizing further delay pending notification of parents.
For the above reasons, I dissent.

On Petition for Rehearing
RAWLS, Chief Judge.
By way of this petition for rehearing, appellee has correctly brought to our attention that we failed in our original opinion to distinguish between appellants' constitutional right to a speedy trial and appellants' right to a speedy trial as provided by Florida Rule of Criminal Procedure 3.191. Accordingly, we amend the first sentence of our original opinion to read as follows: The only meritorious point posed by these consolidated appeals is whether appellants, Riggins and McGill, have been deprived of their right to speedy trial as provided by Florida Rule of Criminal Procedure 3.191. The first full sentence in column one of page 126 shall be changed, in pertinent part, to read: ... be set *127 free as their right to speedy trial as protected by Florida Rule of Criminal Procedure 3.191(f) has been violated. In addition, the last paragraph of the opinion shall be amended to read as follows: The judgments appealed are reversed with directions that appellants be set free as their right to speedy trial as protected by Florida Rule of Criminal Procedure 3.191 has been violated.
Otherwise, the opinion stands as written.
JOHNSON, J., concurs.
SPECTOR, J., dissents.