305 So.2d 835 (1974)
Inez HOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. V-237.
District Court of Appeal of Florida, First District.
November 7, 1974.
Richard W. Ervin, III, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
RAWLS, Chief Judge.
Appellant has been found guilty of possession of a concealed firearm and sentenced to five years in the state penitentiary. Notice of appeal was filed to this Court, and appellant's public defender lawyer has filed a brief in which he says the trial court committed no reversible error. Appellant has filed a brief in her own behalf in which she sets forth what we consider to be the sole meritorious point on appeal, i.e., that appellant's right to speedy trial as provided by Florida Rule of Criminal Procedure 3.191 has been violated.
The facts pertinent to this contention reveal that appellant was arrested on May 15, 1973, and informed against on May 17, 1973, for the alleged crimes of possession of a stolen motor vehicle and carrying a concealed weapon. Arraignment and plea was held on May 30, 1973, at which time the public defender was appointed to represent appellant and a co-defendant. The case was originally set for trial on June 25, 1973. At that time appellant's court-appointed attorney waived the right to speedy trial and requested that the trial be continued. The case was reset for August 20, 1973, at which time the public defender's office brought to the attention of the trial court that there was a conflict between the defense of appellant and a co-defendant; both of whom were being represented by *836 the public defender's office. At this juncture the public defender's office was discharged as to the co-defendant and the trial was rescheduled for October 29, 1973. When October 29, 1973, arrived, no private attorney had yet been appointed to represent the co-defendant so the court appointed a private attorney and continued the trial of both. The case was reset for November 26, 1973. Apparently on that date, the private attorney who had been appointed to represent the co-defendant moved that the cases be severed and the matter passed on. The record also indicates that on that date the cases were severed. Appellant's cause was set for trial on January 28, 1974, but the record reveals that the matter was passed over due to a crowded court docket. Appellant was finally tried and convicted of carrying a concealed weapon on February 25, 1974.
Florida Rule of Criminal Procedure 3.191(a)(1) provides that every person charged by information with a felony shall be brought to trial within 180 days after being taken into custody as a result of the criminal episode. Appellant's trial did not commence until 286 days after she was taken into custody. The record reflects that the initial delay of the trial from June 25, 1973, until August 20, 1973, was occasioned by appellant waiving her right to speedy trial and requesting that the case be continued. The ensuing six months delay from August 20, 1973, to the trial date February 25, 1974, was due to a conflict in the defense of appellant and a co-defendant by the public defender's office; failure of the trial court to appoint a private attorney to represent the co-defendant; decision of the co-defendant's private counsel to sever the cases; and a crowded court docket. The record is void of any showing by the state that the enumerable causes for this six months delay were such exceptional circumstances which justify appellant's trial being continued pursuant to F.R.Cr.P. 3.191(f). Absent such a showing by the state that the six months delay in trying appellant was due to exceptional circumstances which justify the delay, this Court must reverse the jury conviction and decree that appellant be set free as her right to speedy trial as provided by F.R.Cr.P. 3.191 has been violated; Riggins and McGill v. State, 301 So.2d 124 (consolidated for purposes of appeal), opinion filed August 8, 1974.
Reversed.
JOHNSON, J., concurs.
SPECTOR, J., dissents without opinion.