SIDNEY CHARLES RICHARDSON, JR. *v.* STATE OF INDIANA.

[No. 3-1073A131. Filed December 11, 1974. Rehearing denied January 17, 1975. Transfer denied March 26, 1975.]

___

. 2. Barry was separately accused of having also raped the prosecuting witness on this same occasion.

*Foster, Stanish & Kouris,* of Hammond, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

GARRARD, J.—The defendant, Sidney Charles Richardson, and two others, Shreve and Wells, were jointly charged with first degree burglary. At arraignment, Shreve's motion for a separate trial was granted. Trial for the remaining defendants was set to commence March 20. On March 15, Wells moved for a list of prosecution witnesses and, also, moved for a continuance of his trial because he was also scheduled to go on trial in federal court on March 20. This continuance was granted, and on the 20th, Richardson was tried by jury and found guilty. At Richardson's trial, both Shreve and Wells testified for the state and each implicated Richardson as a principal. The appeal asserts five specifications of error.

It is first asserted that the court in granting Wells a continuance, in effect, determined that there would be separate trials. We agree. We, however, disagree with defendant's further proposition that the severance was harmful error where, as here, the defendant did not seek a continuance or make any objection to proceeding to trial. This same situation was before the court in *Ware* v. *State* (1963), 243 Ind. 639, 189 N.E.2d 704, *cert. den.* 375 U.S. 934. In that case our Supreme Court held that granting

a continuance to one jointly charged defendant and proceeding to trial with the other clearly manifested a determination to try the defendants separately despite the lack of any petition for separate trials and the lack of a formal entry to that effect. The court held that such action did not constitute harmful error since the statute permits the court in its discretion and on its own motion to order separate trials, and there was no showing of an abuse of discretion.[1] Thereafter, in *Turner* v. *State* (1972), 258 Ind. 267, 280 N.E.2d 621, the court considered whether it was error for the trial court, on the day trial was to commence, to grant one jointly charged defendant a separate trial. The remaining defendant claimed prejudice because his defense was based on the assumption that he and the other defendant would be tried together. The court, however, rejected the asserted abuse of discretion since the remaining defendant did not seek a continuance when he learned of the separation.

Defendant next asserts it was improper for the court to sustain the prosecutor's objection when defendant asked his alibi witness on direct examination regarding where Wells resided: "Where in relation to where [the victim] lived would it be, in the same vicinity?" The objection was that it had not been established that the witness in fact knew where Wells lived. When the objection was sustained, counsel abandoned this line of inquiry. On appeal defendant advances no reason as to why or how he was prejudiced by the court's ruling. Indeed if the answer were important, the question could have been posed to Wells, himself, who testified for the state. To establish reversible error the appellant must demonstrate that he was harmed. Indiana Rules of Procedure, Trial Rule 61 and Appellate Rule 15(D) ; *Patrons* v. *School City of Kendallville* (1963), 244 Ind. 675, 194 N.E.2d 718.

---

1. The statute in *Ware* also applicable to the defendant in this cause appears in IC 1971, 35-1.34-2, Ind. Ann. Stat. § 9-1804 (Burns 1956 Repl.). That act was repealed in 1973. For the present statute see IC 1971, 35-3.1-1-11, Ind. Ann. Stat. § 9-913 (Burns 1974 Supp.).

It is next asserted that the testimony adduced at the trial was so inherently untrustworthy and improbable as to be insufficient to support a finding of guilty. In support of this contention defendant points to the admissions of both Wells and Shreve that they had committed numerous burglaries. In addition, he points to testimonial conflicts regarding the amount of money taken, whether the money was taken from a coat or a box, whether the outside door to the home was of screen or glass, and whether there were lights burning in the house at the time.

The question thus presented is whether there was any substantial evidence of probative value to support the verdict. *Hash* v. *State* (1973), 259 Ind. 683, 291 N.E.2d 367. The victim established the corpus delicti. Shreve and Wells each admitted their participation and testified to that of the defendant. Neither their prior criminal activities nor the testimonial discrepancies regarding some of the details of the burglary rendered their testimony so incredible as to be without probative value.[2] Beyond this, the weight to be given their evidence and the determination of their credibility was for the jury. *Melloh* v. *Gladis* (1974), 261 Ind. 647, 309 N.E.2d 433; *Powell* v. *State* (1970), 254 Ind. 200, 258 N.E.2d 633.

Appellant also asserts, in this same vein, that the court should have instructed the jury regarding the credibility of the testimony of defendants Shreve and Wells. However, no such instruction was tendered to the court by the defendant, nor does the defendant on appeal assert precisely of what the instruction should have consisted. While Rule CR. 8(F) requires the court to instruct on the credibility of the witnesses and the manner of weighing the testimony, this was done by the court in its preliminary instruction No. 7 and its final instructions numbered 10, 11 and 12. These correctly instructed the jury generally in determining credibility and

2. See, e.g. Bailey v. Washington Theatre Co. (1942), 112 Ind. App. 336, 41 N.E.2d 819.

the weight to be accorded the evidence. Furthermore, in *Turner* v. *State, supra,* the Supreme Court disapproved the propriety of specifically instructing the jury to be cautious in their reception of accomplice testimony. There was no error in the court's instruction on credibility.

Lastly, appellant asserts that he was deprived of his right to competent counsel. From the record it appears that his trial counsel filed a notice of alibi, presented the alibi witnesses in defense, and vigorously cross-examined the state's witnesses. Indeed, on appeal no quarrel is taken with the conduct of the trial. Instead appellant's novel approach asserts that the public defender system, as employed in Lake County at the time of defendant's arrest and trial *per se,* excluded defendant from receiving competent counsel. In support of this contention the appellant, at the hearing on his motion to correct errors, presented by stipulation: (a) that at the time in question there were two public defenders in Lake County, each of whom was also engaged in private practice; and (b) that from the point of his appearance for defendant to the day of trial, defendant's public defender was engaged in representing 63 other criminal defendants, and during the month of December prior to his representation of defendant, was engaged in representing another 34 criminal defendants. We are, however, not enlightened by anything in the record as to how much of the attorney's time was occupied by these cases during the two months and twenty days he had to prepare for trial.

Our courts have recognized that a denial of the right to counsel may occur where the attorney is not afforded by the court reasonable time to prepare to defend. *Shack* v. *State* (1967), 249 Ind. 67, 231 N.E.2d 36 (attorney had eighteen hours) ; *Bradley* v. *State* (1949), 227 Ind. 131, 84 N.E.2d 580 (attorney had 3 days, including Sunday). Here, however, counsel had nearly three months to prepare and defendant was not deprived of his right to counsel on this basis.

Accordingly, we turn to the specifics of appellant's situation, since allegations of incompetent counsel are to be decided on the basis of the facts of the particular case, *Shack* v. *State, supra; Lenwell* v. *State* (1973), 156 Ind. App. 41, 294 N.E.2d 643; and this applies to the determination of whether counsel adequately prepared the case. *State* v. *Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70.

In urging inadequate preparation, appellant points to the brevity of his meetings with counsel, that while counsel contacted the alibi witnesses named by appellant, he did not actually interview Betty Jillson until the morning of trial, and that, according to appellant, counsel did not expressly advise him that Shreve and Wells might testify for the state.

It is well established that counsel is clothed wth a presumption of competence, and that this can be overcome only by showing that what he did or omitted doing made the proceedings a mockery, shocking to the conscience of the court. *Payne* v. *State* (1973), 261 Ind. 221, 301 N.E.2d 514; *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255; *Sargeant* v. *State* (1973), 157 Ind. App. 173, 299 N.E.2d 219.

Appellant's assertion was that he was elsewhere at the time of the burglary. There is no intimation that counsel did not comprehend his defense. Nor is there an assertion of the failure to locate or discover other witnesses who might have corroborated the alibi. Indeed, the evidence presented was that appellant was alone with his wife and Betty Jillson at the latter's home during the time in question. Both Mrs. Richardson and Mrs. Jillson so testified and neither alluded to the presence at any time of any other person. In other words, the circumstances present in this case fall short of any showing that the trial was rendered a mockery.

The judgment is affirmed.

Hoffman, C.J. and Lybrook, J., concur.

NOTE.—Reported at 319 N.E.2d 644.