330 So.2d 522 (1976)
David HAMMOCK, Appellant,
v.
STATE of Florida, Appellee.
No. Y-165.
District Court of Appeal of Florida, First District.
April 23, 1976.
Richard W. Ervin, III, Public Defender, and Louis G. Carres, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
LEE, THOMAS E., Associate Judge.
This is a criminal appeal from a jury conviction of grand larceny and breaking and entering with intent to commit a misdemeanor. We are to review the judgment and sentence of the Circuit Court of Washington County. The trial court sentenced appellant to serve three years and committed him to the Division of Correction *523 of the State of Florida. Appellant was adjudged insolvent and set a supersedeas bond in the amount of four thousand dollars.
In concert with two others, Billy W. Pitts and Johnnie E. Pitts, appellant on the evening of June 25th, 1974 drove to Chipley, Florida for the purpose of getting into Northcutt Drugstore. They arrived early from Panama City and stopped for a meal and refreshments. The local police later, while on routine patrol, noticed that a bar locking the back door of the store was off. After notifying the owner, who then came to the store, the police entered to investigate a possible breaking and discovered upon taking inventory that a burglary had taken place. It was determined that a radio with 8-track tape system was missing together with $78.00 dollars in silver coins, $168.00 in store owned articles, also, $755.00 in drugs owned by a local mental health agency. The drugs taken, according to appellant, were liquid speed, demerols, nebutals, quaaludes, valiums and artanes in a quantity of about 20,000 different pills.
Appellant and the two Pitts then drove to Panama City, rented a motel room and went to sleep. Upon awakening they found the elder Pitts to have left after taking approximately 3/4ths of the stolen drugs.
On July 3rd, 1974, at the time of appellant's arrest he was found asleep, wrapped in a blanket in the rear seat of an automobile. The Bay County Sheriff's Department Officers arrested appellant for disorderly intoxication and took him to the Bay County Jail. He was first questioned at approximately 4:55 a.m. but gave no statement. Appellant was read his rights (Miranda) Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by all authorities who sought to question him and appellant understood the charges, his right to an attorney and if he could not afford one he would have one appointed to represent him and that any statement made by him could be used against him in the court of law. On the afternoon of July 4th, 1974, at 12:20 p.m. a statement was taken. During one of the interrogation sessions Sheriff Theron Cook of Washington County grabbed the appellant by the hair and forcibly pushed him into a chair for the reason that Sheriff Cook thought appellant was going to "take a swing" at him.
On July 5th, 1974, appellant had his first court appearance and entered pleas of not guilty and requested a trial by jury.
On October 1st, 1974, appellant was arraigned on the charge of breaking and entering with intent to commit a felony [810.02, F.S.] and trial was set for October 23rd, 1974. Later the trial date was continued to November 12th, 1974, and then to January 27th, 1975, for the crime of breaking and entering with intent to commit a misdemeanor [810.05, F.S.], a lesser offense and committed to the Division of Correction of the State of Florida for a period of 3 years. The Court set a supersedeas bond in the amount of $4,000.00 and declared appellant insolvent.
Appellant has found numerous errors in his trial, but only one requires discussion here. Appellant asserts that he was required to be discharged from custody and further state action under the 180-day speedy trial rule set forth in Florida Rule of Criminal Procedure 3.191(a)(1).
The record is undisputed that more than 180 days elapsed between appellant's arrest and the date he was brought to trial. In that interval, defense counsel undertook no action which could be construed as showing a lack of preparation for trial, and there was no waiver of the speedy trial rule. On the 188th day, at a hearing on appellant's motion to dismiss under the rule, the court commented on the fact that appellant had changed counsel as the court had earlier directed because of a conflict in representation of a co-defendant, and the court denied the motion. Immediately after this ruling, appellant's new counsel stated for the record that appellant had not *524 cooperated in the preparation of a defense. It is this assertion of non-cooperation which the state now asserts demonstrates that appellant was not in fact ready for trial.
We previously held in like circumstances that the discharge of counsel is not an enumerated cause for tolling the speedy trial rule under Rule 3.191(f). Hogan v. State, 305 So.2d 835 (1st DCA Fla. 1974) cert. denied, 312 So.2d 757 (Fla. 1975). A demonstration of unpreparedness for trial which is developed after the 180-day period has elapsed, and which has no record support during the 180-day period, does not toll the speedy trial rule.
Inasmuch as appellant was denied the right of a speedy trial through no fault of his own, we must reverse the lower court and remand this case for appellant's discharge.
McCORD, J., and ENGLAND, ARTHUR J., Associate Judge, concur.