ANSTEAD, Judge.
This is an appeal by the state from orders discharging the appellees under the speedy trial rule. We believe only Reed was entitled to be discharged.
After originally being charged and a trial date being scheduled, all of the appellees moved for a continuance and expressly waived their rights to a speedy trial. Thereafter, a trial date was set for January 19, 1976. On January 16, 1976, an order was entered granting a motion to suppress filed by the appellees. On January 23 the state appealed that order but did not move to enlarge the time for speedy trial. On January 27 the appellee Reed filed a demand for speedy trial.
On July 15, 1976, the state filed a “Motion to Extend Speedy Trial Limitations” seeking to enlarge the time for speedy trial until after a resolution of the state’s appeal. That motion was granted by order of July 23, 1976. In the same order the trial court denied motions to discharge filed by Reed and Lewis. Finally, on October 21, 1976, after the order of suppression had been reversed, the trial court granted renewed motions for discharge filed by all the appel-lees.
While each of the appellees expressly waived their rights to a speedy trial, it has also been held that the right to a speedy trial is impliedly waived when a continuance is requested. State v. Abrams, 350 So.2d 1104 (Fla. 4th DCA 1977). However, a defendant’s rights under the speedy trial rule may be regained by the filing of a demand for speedy trial. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971); *733 State v. Acurse, 347 So.2d 828 (Fla. 3d DCA 1977). Reed, by filing his demand for speedy trial on January 27, was entitled to be tried within 60 days. The appeal filed by the state did not automatically operate to toll that 60 day period. State v. Cannon, 332 So.2d 127 (Fla. 4th DCA 1976). And the state did not request an extension of the speedy trial time until several months after the 60 days had expired. Therefore, Reed was entitled to discharge and the order granting his motion should be affirmed.
None of the other appellees filed a demand for speedy trial. Their previous express waivers left them without any right to be tried within a certain time as provided in the speedy trial rule and with only a right to be tried within a reasonable time. State ex rel. Butler v. Cullen, supra. The trial court found that the appellees were entitled to be discharged because 180 days had passed from the last date set for trial, January 19. But because of the appellees’ waiver of their right to a speedy trial, no such 180 day time schedule was in effect. The trial court cited the case of Hogan v. State, 305 So.2d 835 (Fla. 1st DCA 1974), cert. denied Fla., 312 So.2d 757, in its orders of discharge. Hogan held that where there was no proper justification by the state for a lengthy delay in bringing the defendant to trial, a defendant would be entitled to discharge. Here, the trial court found that the delay caused by the state’s filing of an interlocutory appeal was reasonable and necessary, and granted the state’s motion to extend the time for trial. Once that determination was properly made, as it was here, the appellees were not entitled to be discharged because of the delay occasioned by the appeal.
Accordingly, the order of discharge as to the appellee, Willie Reed, is hereby affirmed and the order of discharge as to the appellees, Prince Albert Lewis, Terry Lee Youman, and Idus Jenkins, is hereby reversed with directions for further proceedings in accordance with this opinion.
AFFIRMED IN PART AND REVERSED IN PART, WITH DIRECTIONS.
DAUKSCH, J., and CRAWFORD, GRADY L., Associate Judge, concur.