472 A.2d 457

**David SATCHELL**

**v.**

**STATE of Maryland.**

**No. 70, Sept. Term, 1983.**

Court of Appeals of Maryland.

March 15, 1984.

Michael R. Braudes, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on brief), for appellant.

Diane G. Goldsmith, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

The petitioner David Satchell, along with three codefendants, was charged with burglary and related offenses. The

charges followed the March 26, 1981, arrest of the four defendants in a van containing stolen property.

Satchell was arraigned in the Criminal Court of Baltimore (now the Circuit Court for Baltimore City) on May 21, 1981. The appearance of counsel for Satchell was entered at that time, and the trial of all four defendants was set for August 17, 1981, well within the 180-day period required under Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746.

On the scheduled trial date of August 17, 1981, one of the codefendants requested a postponement in order to obtain counsel. Although the two other codefendants agreed to the postponement, Satchell refused. Judge Karwacki, the administrative judge, ruled that "good cause exists for postponement" because the codefendant seeking the postponement should not have "to face these serious charges without counsel." As to Satchell's objection to a postponement, Judge Karwacki found that "good cause exists to postpone (Satchell's) case" because it would be "inconvenient to try it separately." Accordingly, the case was postponed until the next available trial date, which was November 23, 1981, six days beyond the 180-day period prescribed by § 591 and Rule 746.

On November 23rd another codefendant failed to appear for trial and two state's witnesses were out of town and unavailable. The administrative judge postponed the trial until December 1, 1981. Because the prosecutor was involved in another trial on December 1st, the case was again postponed from December 1 to December 21, 1981. On December 21, 1981, Satchell, by his attorney, orally moved to dismiss on the grounds that he had been denied his constitutional rights to a speedy trial and that § 591 and Rule 746 had been violated. This motion was denied; trial began on December 22, 1981, and it concluded the following day. Satchell was convicted of daytime housebreaking and sentenced to imprisonment for ten years.

Satchell appealed, and the Court of Special Appeals affirmed. *Satchell v. State,* 54 Md.App. 333, 458 A.2d 853 (1983). This Court then granted Satchell's petition for a writ of certiorari, which was limited to the contention that dismissal of the charges was required because of the alleged violation of § 591 and Rule 746. *Satchell v. State,* 296 Md. 654.

In *State v. Frazier,* 298 Md. 422, 428, 470 A.2d 1269 (1984), we made it clear that the critical postponement, for purposes of the dismissal sanction for a violation of § 591 and Rule 746, is the postponement having the effect of extending the trial date beyond the 180-day deadline prescribed by the statute and Rule. In the instant case the 180-day period from arraignment expired on November 17, 1981. Therefore, the postponement to be scrutinized was the postponement of the trial date from August 17, 1981, until November 23, 1981. *See Farinholt v. State,* 299 Md. 32, 472 A.2d 452 (1984), filed today.

In ordering the August 17th postponement, the administrative judge explicitly ruled that the "inconvenience" of trying Satchell separately from his codefendants constituted "good cause" for the postponement. Satchell urges that as a matter of law "one jointly charged defendant cannot delay the trial of a codefendant where the codefendant is ready for trial," and cites a number of cases to support this assertion. All of these cases are distinguishable.

Most of the cases relied on, like *Epps v. State,* 276 Md. 96, 345 A.2d 62 (1975), are concerned with the constitutional right to a speedy trial. The balancing test involved with regard to a constitutional speedy trial issue, however, is quite different from the question of whether good cause existed for postponing a case beyond the 180-day period fixed by § 591 and Rule 746. *See Goins v. State,* 293 Md. 97, 106–110, 442 A.2d 550 (1982).

Another case relied on by the defendant Satchell merely held that granting a continuance to one of two jointly charged defendants, thereby effecting a severance, did not

constitute an abuse of discretion. *Richardson v. State,* 162 Ind.App. 386, 319 N.E.2d 644 (1975). A Georgia case cited by the defendant held that where one of two jointly indicted defendants has already obtained a severance, the other retains his right to a speedy trial. *Winkle v. State,* 20 Ga. 666 (1856).

■ Finally, the defendant asserts that Florida's intermediate appellate court, in applying the Florida speedy trial rule, has "concluded that an individual's trial should not be delayed as a result of problems attributable to a codefendant's case," citing *Hogan v. State,* 305 So.2d 835 (Fla.App. 1974), and *Riggins v. State,* 301 So.2d 124 (Fla.App.1974). The Florida rule, however, permits a continuance beyond the statutory trial deadline only when "exceptional circumstances" are shown to exist. This subjects the reason for delay to a much stricter scrutiny than our "good cause" standard. *Compare* Florida Rule of Criminal Procedure 3.191(f) with § 591 and Rule 746.[1]

■ The issue raised by this case is virtually identical to one of the issues in *McFadden v. State,* 299 Md. 55, 472 A.2d 463 (1984), filed today. As in *McFadden,* the postponement decision in the instant case was a matter within the discretion of the administrative judge. The defendant has shown no clear abuse of discretion. *State v. Frazier, supra.*

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. RESPONDENT TO PAY COSTS.

DAVIDSON, Judge, dissenting:

In my view, "inconvenience" does not constitute good cause for a postponement. Accordingly I would reverse.

---

1. Had the instant case arisen when § 591 and Rule 746 permitted postponement only for "extraordinary cause," a different issue would be presented. *See State v. Hicks,* 285 Md. 310, 319, 403 A.2d 356, on motion for reconsideration, 285 Md. 334, 335, 403 A.2d 368 (1974).