472 A.2d 463

**Bernard McFADDEN**

**v.**

**STATE of Maryland.**

**No. 10, Sept. Term, 1984.**

Court of Appeals of Maryland.

March 15, 1984.

Louis P. Willemin, Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on petition), for appellant.

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on answer to petition), for appellee.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

PER CURIAM.

Petitioner and three co-defendants were charged in the Criminal Court of Baltimore (now the Circuit Court for Baltimore City) with attempted robbery and unlawfully carrying a handgun. The charges against the four defendants were based upon a single incident in which all four allegedly participated.

The 180-day period for trying the case under Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Rule 746, expired on April 13, 1981. After an earlier postponement of the trial date, trial was scheduled for March 26, 1981. On March 26th the case could not be reached for trial because of the unavailability of a court. At that time, the administrative judge indicated that the case could either be placed upon the "move list" for the next available judge or be

re-scheduled for a date certain which would be June 9, 1981.[1] The three attorneys for petitioner's co-defendants agreed to a postponement and desired that the case be re-scheduled for June 9, 1981. The attorney for the petitioner, however, objected to any postponement. Alternatively, the attorney for the petitioner apparently preferred that the case be placed upon the move list rather than be re-scheduled for June 9th. The administrative judge, in granting the postponement to June 9th, addressed petitioner's counsel as follows:

"THE COURT: Your objection is noted, but it comes down to weighing the public interest in administering justice efficiently against the possible prejudice to your client from the change in trial date. From what I have heard here, it would seem clear to me that these cases are not ones which should be severed. They should go forward together and thereby reap the benefit of the efficiency of trying the case only once, only bringing the witnesses to the trial once against all four defendants rather than have piecemeal trials, and I think that is a very important factor to be considered. I think that outweighs any possible prejudice to your client resulting from the delay. Since the other three defendants are in accord with the postponement, I am going to find here that good cause exists to require the four defendants to be tried at the same time and therefore good cause exists within the meaning of Maryland Rule 746 for the change of trial date, so over your objection I am going to grant the change in trial date."

On June 9, 1981, the trial was postponed until June 16, 1981, "due to a family tragedy involving counsel for a co-defendant."

After the petitioner's motion to dismiss was overruled, the case proceeded to trial on June 16, 1981. The petitioner was

---

1. For a description of the "move list" and the criminal trial assignment system in the Circuit Court for Baltimore City, *see State v. Frazier,* 298 Md. 422, 430–435, 470 A.2d 1269 (1984).

acquitted on the attempted robbery charge, convicted on the handgun charge, and sentenced to three years imprisonment. The Court of Special Appeals affirmed in an unreported opinion. The petitioner then sought review in this Court, presenting two questions. We have granted the petition and issued a writ of certiorari, limited to the first question which is as follows:

"Did the trial court err in failing to dismiss the charges for violation of the speedy trial provisions of Article 27, § 591, and Maryland Rule 746?"

■ In the petition for a writ of certiorari, the petitioner argues that the unavailability of a court on March 26, 1981, did not as a matter of law constitute good cause for the postponement of the trial on that date. A virtually identical argument, however, was recently rejected by us in *State v. Frazier,* 298 Md. 422, 461–462, 470 A.2d 1269 (1984).

■ Alternatively, the petitioner argues that his co-defendants' preference to have the case tried on June 9, 1981, and the State's desire that all four defendants be tried together, did not constitute good cause to postpone petitioner's trial beyond the 180-day deadline which expired on April 13, 1981. The petitioner contends that the administrative judge should have refused to postpone petitioner's trial beyond April 13th, thereby automatically effecting a severance. In our view, however, this was a matter within the discretion of the administrative judge, and we perceive no clear abuse of discretion. *State v. Frazier, supra,* 298 Md. at 454, 470 A.2d 1269; *Satchell v. State,* 299 Md. 42, 472 A.2d 457 (1984), filed today.

JUDGMENT AFFIRMED. PETITIONER TO PAY COSTS.

DAVIDSON, Judge, dissenting:

I would reverse the judgment of the Court of Special Appeals for the reasons set forth in my dissenting opinion in *State v. Frazier,* 298 Md. 422, 464, 470 A.2d 1269, 1291 (1984).