426 So.2d 570 (1983)
Ralph Eric EHN, Petitioner,
v.
Honorable C. McFerrin SMITH, III, Respondent.
No. 82-1422.
District Court of Appeal of Florida, Fifth District.
February 2, 1983.
*571 Rick Kolodinsky, New Smyrna Beach, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for respondent.
COBB, Judge.
The petitioner, Ralph Eric Ehn, seeks a writ to prohibit his trial in the Circuit Court of Volusia County on felony charges in two cases (Case Nos. 82-954-CC and 82-1187-BB). He claims the right to discharge under Florida Rule of Criminal Procedure 3.191, the "speedy trial" rule. Prohibition is an appropriate remedy. See Sherrod v. Franza, 427 So.2d 161 (Fla. 1983); Bates v. Keating, 396 So.2d 1172 (Fla. 5th DCA 1981).
The record before us indicates petitioner was arrested in the two cases on March 16, 1982, and March 31, 1982, respectively. Therefore, the 180-day period for Case No. 82-954-CC should have expired on September 12, 1982, and on September 27, 1982, for Case No. 82-1187-BB. On September 29, 1982, the petitioner moved for discharge in the trial court, and this motion was denied at a hearing held on October 12, 1982.
The issue is whether the failure to hold trial within 180 days was attributable to Ehn or his counsel, pursuant to subsection (d)(3) of Rule 3.191, and more particularly ground (ii) thereof. The trial court, at the hearing on the motion for discharge, found that it was attributable to the fact that Ehn's previous counsel withdrew at the time of the pretrial conference on July 26, and denied the motion for discharge on that basis.
At the time of the July 26 pretrial conference, no specific trial date had been set. At the beginning of the conference the court considered a motion by Ehn's court-appointed counsel (Attorney Tom Bevis) to withdraw. No sworn testimony was taken; instead, the trial court invited the comments of Ehn in regard to the motion. Ehn proceeded *572 to make a lengthy statement critical of the manner in which Bevis was handling the case. At one point, he stated, "Obviously, Mr. Bevis is not going to handle this case for me." The trial court perceived these comments as supportive of Bevis' motion to withdraw, granted the motion, and announced that an order would be entered the same day (July 26) appointing Attorney Rick Kolodinsky to replace Bevis. This, in fact, was done, and Kolodinsky was notified of his appointment later that day by phone.
At this point in the hearing, the prosecutor orally requested "an extension of speedy trial." The only record justification for this request was the prosecutor's statement, "This is the first time the case has been set on the docket." No period of time for such extension was mentioned. The court responded by requesting the prosecutor to prepare the appropriate papers to accomplish the "extension," and the prosecutor agreed to do so. No opportunity for argument was afforded Ehn, who was then unrepresented. The court then observed that the case would be set on the next scheduled trial docket "under the circumstances of the motion to withdraw." In point of fact, the trial was not scheduled until November 1, 1982. Indeed, this was the only trial date ever set in either of these cases.
The written "order of extension"[1] was signed August 12, 1982. It merely stated "that the speedy trial period established by Florida Rule of Criminal Procedure 3.191(d)(2) is hereby extended." This order was invalid as an extension for several reasons. For one, it was entered upon a motion heard while Ehn was unrepresented and without the opportunity for argument. Secondly, it lacked specificity as to duration.[2]Cf. Neuman v. State, No. 81-357 (Fla. 5th DCA Jan. 5, 1983) [8 FLW 217]. Lastly, it was based solely on Bevis' withdrawal, which is not an exceptional circumstance as contemplated by Florida Rule of Criminal Procedure 3.191(d)(2)(ii), particularly where substitute counsel is appointed the same day as the withdrawal. See Hammock v. State, 330 So.2d 522 (Fla. 1st DCA), cert. denied, 341 So.2d 1085 (Fla. 1976); Riggins v. State, 301 So.2d 124 (Fla. 1st DCA 1974); State v. J.H., 295 So.2d 698 (Fla. 1st DCA 1974). None of the other grounds for an extension, as enumerated in subsection (d)(2) of the rule, is present in this case. Thus, it is clear that subsection (d)(2) cannot support the trial court's denial of the motion for discharge.
The state attempts to rely on our decision in Rogers v. Keating, 411 So.2d 231 (Fla. 5th DCA), review denied, 419 So.2d 1200 (Fla. 1982). That case dealt with an order which did not specifically state that the speedy trial period was extended. But a hearing was held within the period on the state's motion for continuance based upon a ground (i.e., the unforeseeable illness of a key witness) expressly recognized by Rule 3.191(f) as an exceptional circumstance justifying an extension of time under subsection (d)(2) of the rule. The trial court in Rogers expressly found that an exceptional circumstance existed and continued the cause, rescheduling it to a certain date which was less than one month beyond the expiration of the speedy trial period of ninety days. In effect, we held that this comported with the requirement for a valid extension under subsections (d)(2) and (f) of the rule. All that was missing in Rogers was an explicit statement in the order that the speedy trial period was extended. What is missing in the instant case is a valid ground for extension, as well as a specific time period shown by the order. Moreover, the trial court has expressly negated any reliance on subsection (d)(2) as *573 his basis for the denial of the motion for discharge.
At the October 12 hearing held on the motion for discharge, the trial court indicated that it had not relied on (d)(2) in setting the trial date past the respective speedy trial periods, but rather on (d)(3).[3] A delay or defense continuance under this subsection would terminate the defendant's speedy trial rights pursuant to the rule and relegate him to his constitutional rights. Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980); State ex rel Butler v. Cullen, 253 So.2d 861 (Fla. 1971).
Since it was clear that grounds (i), (iii) and (iv) of (d)(3) were inapplicable to the instant case, the argument at hearing centered on ground (ii): was the failure to hold trial (within the 180 day period) attributable to Ehn or his counsel (Bevis)? Attorney Kolodinsky argued to the trial court that substitute counsel (himself) was appointed the same day as Bevis' withdrawal at a time when no trial date was set, and this was some seven weeks before the first speedy trial period was due to expire on September 12. Therefore, the delay of trial was not attributable to the defense.
The state argued that the defendant Ehn caused Bevis to withdraw by threatening his life and filing a grievance against him. No proof of this was adduced by the state at either the July 26 pretrial conference hearing or at the October 12 motion for discharge hearing. Even if it were assumed to be true, it does not account for the absence of a trial in the succeeding seven weeks following Bevis' withdrawal. At no time did Attorney Kolodinsky seek a continuance or cause any delay after his appointment. For all that is shown by the record before this court, and before the trial court, Kolodinsky and Ehn may well have been ready for trial at all times after July 26, 1982. The real reason for the trial delay, as adduced by the trial judge himself at the motion for discharge hearing, was because "the roll-over period for docketing is usually two months." The state should have monitored these cases to prevent this roll-over past the speedy trial period.
We reject as frivolous the state's suggestion, based on Addison v. Brown, 413 So.2d 1240 (Fla. 5th DCA 1982), that sanctions be imposed on counsel for petitioner for failure to provide transcripts to this court. On the contrary, Attorney Kolodinsky is to be commended for a diligent and capable representation of his client.
Since no valid order extending speedy trial was entered, and there has been no showing by the respondent that the failure to hold trial within a 180-day period was attributable to the accused (or his counsel or a co-defendant), or that the accused was unavailable for trial under subsection (e) of the rule, we find that the trial court should have granted the motion for discharge.
The writ is issued, the trial court is prohibited from trial of the petitioner in Volusia County Circuit Court Case Nos. 82-954-CC and 82-1187-BB, and the petitioner, Eric Ralph Ehn, is discharged from custody in regard to those cases.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] Although the order carries an inadvertently erroneous case number (82-1576-BB), it is clear from the record that the purported extension related to both Case No. 82-954-CC and Case No. 82-1187-BB. The erroneous designation of the order is conceded by both petitioner and respondent.
[2] The Committee Note in reference to the 1980 amendment to Rule 3.191(d)(2) says:

The terms waiver, tolling or suspension have no meaning within the context of the section as amended. The section addresses extensions for a specified period of time.
[3] Fla.R.Cr.P. 3.191(d)(3) reads as follows:

(d)(3) Delay and Continuances; Effect on Motion. If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that (i) a time extension has been ordered under (d)(2) and that extension has not expired, or (ii) the failure to hold trial is attributable to the accused, a co-defendant in the same trial, or their counsel, or (iii) the accused was unavailable for trial under section (e), or (iv) the demand referred to in section (c) is invalid. If the court finds that discharge is not appropriate for reasons under (d)(3)(ii), (iii), or (iv), the pending motion for discharge shall be denied provided however, trial shall be scheduled and commenced within 90 days of a written or recorded order of denial.