BOARDMAN, Acting Chief Judge.
Appellant Ronald Edward Hill contends that the trial court erred in denying his motion for discharge under the speedy trial rule.[1] We disagree and therefore affirm.
Appellant and five other inmates escaped from Polk Correctional Institution on June 9,1982, assaulting a correctional officer and driving a dump truck through the compound fence in the process. Appellant was recaptured the next day, placed in administrative confinement, advised of his Miranda rights, and questioned. While the record presents conflicting testimony as to whether appellant was formally arrested or apprised of the charges against him after his recapture, a prison official present during questioning concluded that appellant clearly “knew that he was charged with escape” during this administrative detention and interrogation. Under these circumstances, the state concedes that the 180-day speedy trial period commenced on June 10, 1982, when appellant was taken into custody as a result of the criminal episode giving rise to the crimes charged.[2] Like his cohorts, appellant was charged by information with escape, assault by a prisoner, and criminal mischief on August 17, 1982, and assigned *972 to receive representation by the public defender’s office on September 9, 1982.
At a pretrial conference on November 2, 1982, Assistant Public Defender Robert An-tonello moved to withdraw as defense counsel for all six inmates on the basis of a conflict created by the prisoners’ differing degrees of involvement in the escape and diverse defense strategies. Antonello explained that his withdrawal came at this juncture of the proceedings — nearly two months after his appointment and one week before trial[3] — because his initial hope of resolving all six cases by pleas had been thwarted by four inmates’ recent decisions to go to trial. Antonello further stated that it was the policy of his office to “stay with the case until a real conflict [arose].” The court granted Antonello’s motion, informed each defendant that substitute counsel would be appointed, and continued each case until November 23,1982, the next pretrial date. The court did not enter any order extending the original speedy trial period, nor did the parties stipulate to such an extension.
On November. 5,1982, the court appointed attorney Dan Brawley to represent appellant. Brawley moved for appellant’s discharge on December 7, 1982, alleging that appellant had been taken into custody on June 10,1982, and held in custody, continuously available for trial, for more than 180 days.
The trial court held an evidentiary hearing on appellant’s motion for discharge on December 8, 1982, and ultimately denied it after finding that it had been “imminently necessary” to reschedule appellant’s trial and that appellant could not “possibly have gone to trial as scheduled.” Had this been a “gross case,” however, where the delay in bringing appellant to trial “was grossly over the limits,” the court stated that it would have granted appellant’s motion. Having previously accepted appellant’s nolo contendere plea contingent upon the denial of his motion for discharge, the trial court adjudicated appellant guilty of escape and the reduced charge of aggravated assault[4] and sentenced him to concurrent terms of ten years and five years imprisonment. This appeal timely followed.
The issue presented in this case is whether the failure to hold appellant’s trial within the speedy trial period was attributable to appellant or his defense counsel under rule 3.191(d) (3)(ii).
Appellant directs this court’s attention to the Fifth District’s decision in Ehn v. State, 426 So.2d 570 (Fla. 5th DCA 1983), in support of his assertion that the failure to hold trial within the applicable 180-day period cannot be attributed to the defense. In Ehn, the Fifth District found that court-appointed counsel’s withdrawal and immediate replacement seven weeks before expiration of the speedy trial period, at a time when no trial date had been set, had not caused the state’s failure to try Ehn within the speedy trial period. Conversely, delays attributable to the “roll-over period for docketing” resulted in the case being set for trial — for the first time and only time — on a date well beyond the speedy trial period. *973 Because defense counsel’s withdrawal did not account for the state’s failure to schedule Ehn’s trial within the remaining seven weeks of the speedy trial period, the Fifth District was unwilling to attribute the resulting trial delay to the defense.
In the case sub judice, however, appellant’s trial date had been set at the time of the public defender’s withdrawal. Defense counsel’s abrupt departure from the case not only lead to a redocketing of the pretrial conference, but also to a continuance of appellant’s trial to facilitate appointment of substitute counsel and his preparation for trial.[5] Under these circumstances, we believe the failure to hold trial within the speedy trial period must be attributed to defense counsel’s eleventh hour withdrawal and the resulting continuance necessitated by it. Having waived the protection of the 180-day speedy trial rule as a result of this continuance, appellant was not entitled to discharge under constitutional speedy trial principles on December 7, 1982. Butterworth v. Fluellen, 389 So.2d 968 (Fla.1980); State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971).
Appellant attributes some significance to the trial court’s statement that it would have granted his motion for discharge had the delay in bringing him to trial been “grossly over the limits.” While there is no question whatsoever that a defendant protected by the procedural speedy trial rule is entitled to discharge upon a 1-day violation of the 180-day period, we need not speculate as to the meaning of the trial court’s statement. The trial court reached the correct result notwithstanding this statement. Trenary v. State, 423 So.2d 458 (Fla. 2d DCA 1982).
We therefore AFFIRM appellant’s judgments and sentences.
SCHEB and SCHOONOVER, JJ., concur.

. Fla.R.Crim.P. 3.191.

. Fla.R.Crim.P. 3.191(a)(1), (a)(4); State v. N.B., 360 So.2d 162 (Fla. 1st DCA 1978), cert. dismissed, 365 So.2d 713 (Fla.1978), cert. denied, 383 So.2d 1199 (Fla.1980). Cf. Snow v. State, 399 So.2d 466 (Fla. 2d DCA 1981) (incarcerated appellants’ relocation to administrative holding cell and interrogation after Miranda warnings did not place them “in custody” within the meaning of rule 3.191(a)(1) where they were not formally arrested or advised that they would be prosecuted on subject charges).

. Although neither party’s brief addresses whether appellant’s case had been scheduled for trial at the time of the public defender’s withdrawal, our review of the record discloses the following colloquy, from which we conclude that the public defender withdrew one week before appellant’s trial.
THE COURT: All right. Of course, the only other bothering aspect of the matter is here we are up a week before trial and you’re asking to withdraw from all these cases and certainly new counsel is not going to be prepared to try this case next week.
MR. ANTONELLO: That is correct, your Honor. And again — and my clients were gone for me to confer with.
(Emphasis added.)
While this discussion admittedly occurred in conjunction with Antonello’s motion to withdraw from a codefendant’s case, the parties’ references to the defendants collectively convinces us that the specified trial date applied equally to appellant.

. The state agreed to nolle prosequi appellant’s criminal mischief charge in exchange for his nolo contendere plea on the charges of escape and aggravated assault, a stipulated lesser included offense of the charged offense of assault by a prisoner.

. Indeed, in light of the public defender’s admitted concentration on negotiating pleas for the six defendants, the trial court easily could have concluded that the substitute' counsel could not be prepared to try appellant’s case by its scheduled trial date and that good cause thus existed for entering a continuance upon the court’s own motion. See Fla.R.Crim.P. 3.190(g).