ERVIN, Chief Judge.
Johnson appeals from a judgment and sentence for second degree murder entered upon a plea of nolo contendere, wherein he reserved the right to appeal the denial of his motion for discharge, alleging the state had violated the speedy trial rule. We affirm.
On July 13, 1982, appellant was arrested in Duval County for the murder of John Giles. On July 21, 1982, attorney Neal Betancourt was appointed to represent appellant. On August 4, 1982, the state filed a disposition notice, stating that there was insufficient evidence to warrant prosecution of appellant at that time, and appellant was released from the Duval County Jail on the same day. On October 14, 1982, an information for second degree murder was filed against appellant, and a capias was issued, but attempts to rearrest him were unsuccessful. On January 5, 1983, the state filed a motion to toll the time for speedy trial, alleging that appellant had absented himself from the jurisdiction of the court, or was eluding prosecution. The motion further alleged that the sheriff's office had made a diligent effort to locate and arrest the appellant. On the same date, an ex parte hearing on the motion was held; defense counsel having received no notice. Based upon the state’s representations, the court entered an order tolling the period for speedy trial for an indefinite period based on its finding: (1) that appellant had absented himself from the court’s jurisdiction; (2) that the sheriff’s office had exercised due diligence in searching for appellant; and (3) that exceptional circumstances existed under Rule 3.191(d)(2) and (f), Florida Rule of Criminal Procedure. On January 10, 1983, defense counsel received a letter from the state regarding the motion to toll speedy trial and the order granting the motion. On January 11, 1983, appellant was arrested and returned to custody on the second degree murder charge. Subsequently a motion for discharge was filed due to the passage of more than 180 days from the initial date of arrest and, following an extensive hearing at which evidence was presented by both the state and the defense, the motion was denied.
Under the circumstances we agree that the lower court correctly extended the time for speedy trial, thereby requiring that the motion for discharge be denied. The record of the hearing on the motion for discharge discloses that officers attempted to locate appellant on seven different dates in October, and five separate dates in November, 1982, with no success. Moreover, although appellant’s sister testified that she knew the whereabouts of her brother in Georgia, she never attempted to communicate her knowledge to the authorities, despite the fact that she was aware that a police detective had contacted her husband about her brother’s location, and the detective was told by the husband that the husband did not know where appellant could be reached.
Admittedly the rule is that if the accused had no notice of the new charges filed against him after his release from custody, he has no duty thereafter to remain available for trial. See Florida Rule of Criminal Procedure 3.191(h)(2) (time for speedy trial cannot be extended by the state’s nolle-prossing the crime charged and then its filing new or different charges based on the same conduct). See also Fyman v. State, 450 So.2d 1250, 1252 (Fla. 2d *516 DCA 1984). If, however, there is evidence disclosing that the accused knew he was wanted by the police, or that he was evading arrest, rule 3.191(e) places the burden on the accused to establish “by competent proof ... [his] availability during the term.” Richardson v. State, 340 So.2d 1198, 1199 (Fla. 4th DCA 1976); State ex rel. Green v. Patterson, Pinellas County, 279 So.2d 362 (Fla. 2d DCA 1973). There was evidence below from which the lower court could easily infer that appellant either knew or should have known, if he had maintained proper contact with his attorney, that charges would later be filed against him. Attorney Betancourt, in answer to the question of whether he had given appellant any instructions after his release from jail, replied:
Well, yes, I did give him some instructions.

Well, I knew from conferring with the State the nature of the case and I told him that the State had decided for the moment that they could not prosecute him, but that the possibility of prosecution was very real for several reasons. First of all, they still had some physical evidence that they were trying to refind [sic] and I advised him of all of this.
And also that there were some witnesses in the case who, I felt, might change their testimony or otherwise strengthen, perhaps, the State’s case against him. And I advised him that he could be, you know, he could be prosecuted on the case, and that the State’s decision not to prosecute at that time was not irrevocable.
Also I knew that he would be subpoenaed by the Public Defender’s Office or might be as a witness in the case and I advised him of that. I also told him that should he receive any subpoenas, I wanted to be present and should be present for the giving of those — depositions.
The attorney was also informed by the public defender’s office that it wished to take appellant’s deposition for use in a case involving another defendant with whom appellant had been arrested for the same offense. The attorney wrote appellant, stating in the letter that he had a duty to answer any subpoena served on him and asked appellant to appear in his office at a certain time for the purpose of discussing his deposition testimony. Betancourt received no response to this letter, and he admitted that he had had no contact with appellant since the day following appellant’s release from custody, nor had he any knowledge as to appellant’s specific location. The lower court’s order denying the motion for discharge was clearly supported by evidence showing appellant’s unavailability for trial.
Appellant additionally argues that the ex parte order tolling the speedy trial period is invalid for the reasons that (1) it was entered without an opportunity for appellant’s attorney to be heard, and (2) it was not an order extending the speedy trial period for a specific time, as required by Ehn v. Smith, 426 So.2d 570 (Fla. 5th DCA 1983). We consider the Ehn case factually dissimilar to the case at bar. First, the ex parte order of extension, entered by the trial judge in Ehn, was not based upon any circumstance recognized as exceptional under rule 3.191(f). Rather, such order was entered on the sole ground of the withdrawal from the case by defendant’s former counsel. In the case at bar, the order of extension was based on the explicitly recognized exceptional circumstance relating to the defendant’s absence from the jurisdiction, a circumstance described as “an unforeseeable ... absence of a person whose presence ... is uniquely necessary for a full and adequate trial; ...” Rule 3.191(f)(1). Obviously, if, as in Ehn, no ground for extending the time for speedy trial comports with any of the reasons stated in rule 3.191(f) as exceptional circumstances, prejudice to the defendant is presumed, and the absence of the defendant or his counsel at such a hearing is deemed a critical defect.
We interpret rule 3.191(d)(3) and (f) to state that if the facts display the existence of exceptional circumstances, the attor *517 ney’s absence at a hearing on a motion to extend the time for trial, of which he had not received prior notice, is not per se cause for invalidating an order of extension if no prejudice to the defendant can be demonstrated. Central to a showing of an extension order’s invalidity is a showing of prejudice. Cf. Vaughn v. State, 453 So.2d 929 (Fla. 2d DCA 1984). If, in the case at bar, the attorney had been notified of the hearing on the motion for extension, and was present, his testimony at such time would not have been materially different from his later testimony at the hearing on the motion for discharge, revealing that he did not know appellant’s whereabouts. His presence could not, under the circumstances, have had any effect on the lower court’s finding that appellant had absented himself from the jurisdiction.
Finally, we do not view the order as invalid simply because, as in Ehn, it lacked specificity as to duration. Again, appellant has not demonstrated how he was prejudiced by the order, which obviously could not specify a date terminating the time for extension since, at the time it was entered, appellant’s whereabouts were unknown.
The burden was placed on appellant by rule 3.191(e) to establish by competent proof his availability for trial during the term. He failed to do so. The judgment of conviction is
AFFIRMED.
BOOTH and WENTWORTH, JJ., concur.