467 So.2d 695 (1985)
Ronald Edward HILL, Petitioner,
v.
STATE of Florida, Respondent.
No. 64493.
Supreme Court of Florida.
April 4, 1985.
Jerry Hill, Public Defender and Paul C. Helm, Asst. Public Defender, Chief, Appellate Div., Tenth Judicial Circuit, Bartow, for petitioner.
Jim Smith, Atty. Gen. and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
ALDERMAN, Justice.
We have for review the decision of the District Court of Appeal, Second District, in Hill v. State, 438 So.2d 971 (Fla. 2d DCA 1983), which expressly and directly conflicts with Ehn v. Smith, 426 So.2d 570 (Fla. 5th DCA 1983).
Petitioner and five other inmates were charged with escape from Polk Correctional Institution, assault by a prisoner, and criminal mischief. The 180-day speedy trial period began to run on June 10, 1982, when petitioner was recaptured. On September 9, 1982, the public defender's office was appointed to represent all six inmates. At the pretrial conference on November 2, 1982, the assistant public defender moved to withdraw as defense counsel for all six inmates on the basis of conflict created by *696 the prisoners' differing degrees of involvement in the escape and diverse defense strategies. The public defender explained that his request for withdrawal came at this particular time because his initial hope of resolving the cases by pleas was thwarted by the decision of four of the inmates to go to trial. The trial court allowed the attorney to withdraw and, on its own motion, continued each case until November 23, 1982. Substitute counsel was appointed to represent petitioner on November 5.
On December 7, petitioner's new counsel moved for petitioner's discharge, alleging that the 180-day speedy trial period had expired. An evidentiary hearing was held the next day, and the motion for discharge was denied. The trial judge found that the rescheduling of petitioner's trial was "imminently necessary" and that he could not possibly have gone to trial as scheduled.
The Second District Court of Appeal affirmed, holding that the failure to hold petitioner's trial within the speedy trial period was attributable to defense counsel's eleventh hour withdrawal and the resulting continuance necessitated by it. Having waived the protection of the 180-day speedy trial rule as a result of this continuance, the district court concluded, he was not entitled to discharge under constitutional speedy trial principles. It explained:
In the case sub judice, however, appellant's trial date had been set at the time of the public defender's withdrawal. Defense counsel's abrupt departure from the case not only lead to a redocketing of the pretrial conference, but also to a continuance of appellant's trial to facilitate appointment of substitute counsel and his preparation for trial. Under these circumstances, we believe the failure to hold trial within the speedy trial period must be attributed to defense counsel's eleventh hour withdrawal and the resulting continuance necessitated by it.
438 So.2d at 973 (footnote omitted). We agree with the Second District's decision.
We disapprove Ehn v. Smith to the extent that it conflicts with the present case.
Accordingly, the decision of the Second District is approved.
It is so ordered.
BOYD, C.J., ADKINS, OVERTON and McDONALD, JJ., concur.
EHRLICH, J., dissents with an opinion, in which SHAW, J., concurs.
EHRLICH, Justice, dissenting.
I dissent because the majority decision ignores the clear and controlling language of the rule.
Failure to hold trial within the speedy-trial period may not be attributed to the accused unless the accused or his counsel take some action which delays the progress of the trial. Hammock v. State, 330 So.2d 522 (Fla. 1st DCA 1976). Therefore, when the defendant or his counsel moves for and is granted a continuance, or if a continuance is required because of circumstances chargeable to the defendant, the 180-day speedy trial limit is waived. Eire v. Kaney, 393 So.2d 649 (Fla. 5th DCA 1981). In the present case the state argues that the withdrawal of petitioner's counsel one week before the scheduled trial date made the court-ordered continuance necessary and that the delay is thus attributable to the defendant.
The withdrawal of counsel, without more, does not necessarily cause a delay, nor does it constitute a waiver of speedy trial. State v. J.H., 295 So.2d 698 (Fla. 1st DCA 1974). There has been no showing below that the motion for withdrawal was frivolous, filed for delay, or that it was caused by the conduct of the accused. Fulk v. State, 417 So.2d 1121 (Fla. 5th DCA 1982). Indeed, the record reflects that petitioner's initial attorney diligently represented him but was forced to withdraw once the conflict of interest became unavoidable. Furthermore, the conflict itself was beyond defendant's or defense counsel's ability to prevent. It is the policy of the Public Defender's office to assign one attorney to co-defendants regardless of the potential for conflict. When conflict *697 arose in this case the defendant, through no fault of his own, was forced to choose between preserving his right to speedy trial or exercising his right to trial at all. I cannot agree that this withdrawal is conduct by the defendant or his counsel which necessarily delays trial and thus the failure to proceed is not attributable to the accused within the meaning of the rule 3.191(d)(3)(ii). Ehn v. Smith.
Moreover, even if I were to accept the majority's holding on the defense's responsibility for any delay, the record fails to show that any delay was necessary. There was no showing that defendant and his new counsel could not have proceeded to trial on the original date. According to rule 3.191(e), Florida Rules of Criminal Procedure.
A person is unavailable for trial if ... (2) the person or his counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for herein is not entitled to be discharged. No presumption of nonavailability attaches, but if the state objects to discharge and presents any evidence tending to show nonavailability, the accused then must by competent proof establish availability during the term.
(Emphasis supplied.)
Thus the initial burden is on the state to come forward with evidence that the accused was not prepared for trial. Stuart v. State, 360 So.2d 406 (Fla. 1978). Such evidence could include, for example, a demonstration by the state that the defendant was still engaged in discovery at the close of the speedy trial period. Christopher v. State, 369 So.2d 97 (Fla. 2d DCA 1979). In this case, however, there has been no showing that the defendant was not prepared for trial on the originally scheduled date. Instead, the trial court apparently presumed that the defense was not prepared and on its own motion postponed the proceedings. The proper procedure for the trial court is to inquire of the defendant and his counsel as to whether or not they are ready for trial. The defendant is thus given the opportunity to decide whether to proceed or to request a continuance and thus waive his right to the protection of the speedy-trial rule. If the defendant is not prepared for trial, the judge may then properly continue the proceedings, and the defendant will not be entitled to discharge at the close of the speedy-trial period. Brownlee v. State, 427 So.2d 1106 (Fla. 3d DCA 1983).
Therefore, I would hold that withdrawal of counsel is not per se equivalent to a motion for continuance, and because the state presented no evidence of unavailability, petitioner was entitled to discharge under rule 3.191.
SHAW, J., concurs.