PER CURIAM.
The defendants appeal the orders denying their motion to dismiss on due process grounds and their motions for discharge under the speedy trial rule. We affirm.
The three defendants involved in this appeal, along with a number of codefendants, were arrested in a reverse-sting operation and charged with trafficking in cannabis. In the operation, the police used a paid informant to introduce them to a potential buyer. The informant was paid on a contingent basis related to the amount of cash seized during the sting. The informant introduced the undercover police to Milan Holecek, a potential buyer. Holecek then brought the defendants, including the appellants herein, into the transaction which ultimately resulted in their arrest.[1]
The defendants were charged with trafficking in cannabis and trial was scheduled for April Í8, 1983. Prior to the trial date, the defense attorneys (about 20 were involved) had trouble coordinating their discovery efforts to obtain depositions from the state witnesses.[2] Accordingly, on April 18, 1983, the defendants requested and were granted a continuance in order to complete discovery. On June 15, 1983, a hearing was held resulting in an order establishing a new speedy trial period which would run through October 31, 1983.
Trial was scheduled for September 19, 1983. On that date, just prior to the commencement of trial, the defendants, includ *1289 ing appellants herein, filed a motion to dismiss on due process grounds. The gravamen of the motion was that the defendants’ due process rights were violated by the police’s use of the confidential informant and their manner of compensating the informant. Due to the “twelfth hour” filing of this motion, the trial court was forced to continue the trial in order to permit the state to respond and allow itself to make a determination as to whether the charges against the defendants should be dismissed. Two hearings were held on the defendants’ motion. Upon determining that the confidential informant had only had contact with Holecek and with none of the defendants awaiting trial,[3] the trial court denied the defendants’ motion to dismiss.
When the defendants were not brought to trial by October 31, 1983, they filed motions for discharge pursuant to the speedy trial rule. Fla.R.Crim.P. 3.191. The trial court denied the motions finding that the defendants had waived their rights under the speedy trial rule by filing the motion to dismiss on the day trial was scheduled to commence, thus, necessitating a continuance of the trial. Subsequently, the defendants involved in this appeal entered pleas of no contest reserving their right to appeal the trial court’s denial of their motions to dismiss and for discharge.
The proper resolution of the defendants’ motion to dismiss on due process grounds was not crystal clear at the time the motion was presented to the trial court. Nevertheless, on authority of this court’s recent decision in Acosta v. State, 477 So.2d 9 (Fla. 3d DCA 1985), we find that the trial court properly resolved the issues and denied the motion. See also State v. Prieto, 479 So.2d 320 (Fla. 3d DCA 1985); Yolman v. State, 473 So.2d 716 (Fla. 2d DCA), review denied, 475 So.2d 696 (Fla.1985).
We also find the trial court properly denied the defendants’ motions for discharge pursuant to the speedy trial rule. Initially, the defendants waived the benefit of the speedy trial rule on April 18,1983, the first scheduled trial date, when they requested and were granted a continuance in order to complete discovery. See Small v. State, 454 So.2d 771 (Fla. 1st DCA 1984). Despite this initial waiver, a new speedy trial period, running through October 31, 1983, was established by the trial court at the June 15, 1983 hearing. See State v. Jenkins, 389 So.2d 971 (Fla.1980); Neuman v. State, 431 So.2d 168 (Fla. 5th DCA 1983); Healey v. State, 389 So.2d 278 (Fla. 3d DCA 1980). The issue, therefore, is whether the defendants waived the benefit of the speedy trial rule during this newly established period by their “twelfth hour” filing of the motion to dismiss.
Undoubtedly, the motion to dismiss on fundamental due process grounds was timely filed for the purpose of consideration by the trial court. Fla.R.Crim.P. 3.190(c). In fact, the trial court expressly recognized this in taking the motion under advisement. Nevertheless, the timing of the motion, filed on the day the trial was to commence, was such as to necessitate a postponement of the trial in order to permit the trial court to consider and rule on the motion. Accordingly, we hold that where, as here, a defendant files a complex motion on the day of trial requiring the trial court to continue the trial in order for it to properly consider and rule on the motion, the failure to hold trial is attributable to the defendant within the meaning of Florida Rule of Criminal Procedure 3.191(d)(3)(ii), and the defendant has effectively waived the benefit of the speedy trial rule. See Hill v. State, 438 So.2d 971 (Fla. 2d DCA 1983), approved, 467 So.2d 695 (Fla.1985).
For the foregoing reasons, the judgments under review are affirmed.

. Holecek, although charged in the information, is currently a fugitive from justice.

. Because of the number of defense attorneys involved, the trial court, on motion by the state, entered an order requiring the defense attorneys to coordinate their discovery efforts so that the state’s witnesses would not have to submit to numerous and repetitive depositions. The defendants have not challenged this order.

. See supra note 1.