## STATE OF FLORIDA v JOHNSON

### Case No. 89-018 AC (County Court Case No. 03785 IF)

Eleventh Judicial Circuit, Dade County

September 24, 1990

#### APPEARANCES OF COUNSEL

**Joan L. Greenberg,** Assistant Attorney General, for appellant.

Jeffrey Johnson, pro se.

Before KORNBLUM, KAHN, CARDONNE, JJ.

#### OPINION OF THE COURT

KORNBLUM, J.

The State seeks review of an order dated December 8, 1988, entered by the County Court, discharging the Appellee under Fla. R. Crim. P. 3.191.

The Appellee was arrested on October 31, 1987, and charged with Driving Under the Influence. A trial was scheduled for December 28, 1987, but was continued at Appellee's request, *pro se.*

On April 17, 1988, after several State continuances, the case was dismissed for lack of prosecution.

On April 21, 1988, the State refiled the case and Appellee was served on April 29, 1988. Trial was scheduled for June 28, 1988. At that time defense counsel sought discharge urging that Appellee's constitutional right to speedy trial had been violated. It should be noted that up to that time there had been no demand for speedy trial and no motion for discharge. The case was reset for August 8, 1988. At that time defense counsel failed to appear, and it was again reset to October 20, 1988.

On October 14, 1988, the Appellee filed his Motion for Discharge under Fla. R. Crim. P. 3.191.

On October 20, 1988, the State announced it was ready for trial. Thereafter the Court granted the Motion for Discharge.

The Appellee has not favored us with a brief. We must conclude that he has abandoned his argument that his constitutional speedy trial rights had been violated. This conclusion, of course, is reinforced by our finding that no demand for speedy trial had ever been made.

Appellee apparently has taken the position that his *pro se* request for continuance should not be charged against him since the prosecutor did not advise him of the consequences of a continuance on his right to a speedy trial. Appellee cites no authority for that position nor are we able to find any.

The continuance requested by and granted to Appellee waived his right to a speedy trial under Fla. R. Crim. P. 3.191. *Garbett v State,* 484 So.2d 1288 (Fla. 3d DCA 1986). That waiver carried over to the refiled case. *State v Condon,* 444 So.2d 73 (Fla. 4th DCA 1984).

REVERSED and REMANDED.

KAHN and CARDONNE, JJ., concur.