982 So.2d 1243 (2008)
Jeremy HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2423.
District Court of Appeal of Florida, Fifth District.
May 30, 2008.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED. See Hill v. State, 467 So.2d 695 (Fla.1985).
PLEUS and EVANDER, JJ., concur.
COHEN, J., concurs, and concurs specially, with opinion.
COHEN, J., concurring specially, with opinion.
I write to caution trial courts against undue reliance upon Hill, which may lead to a slippery slope and can be avoided in circumstances like this case. Due to the last-minute withdrawal of the office of the public defender, the trial court was forced to appoint new counsel shortly before the scheduled trial. Rather than leave the case on the scheduled trial calendar, the court unilaterally reset the trial date. Despite the fact that the new trial date was within the original speedy trial period, the case was allowed to exceed that time frame.
*1244 We are not unsympathetic to the trial judge's obvious concern with the short period between new counsel's notice of appearance and the scheduled trial date. Proceeding to trial on first-degree murder charges with such little time to prepare and while a demand for discovery was outstanding would guarantee an ineffective assistance of counsel claim if a conviction resulted. However, the court could have confirmed that the defense wanted a continuance at a pretrial or status conference. Resetting the trial date on the court's own motion needlessly interjected procedural issues into the case.
Lastly, I write to correct the misconception apparently shared by all parties that the filing of a petition for writ of prohibition either divests the trial court of jurisdiction or operates as an automatic stay. It does not unless we issue an order to show cause. Fla. R. of App. P. 9.100(h); Harrell v. State, 721 So.2d 1185,1187 (Fla. 5th DCA 1998).